THE STATE OF MISSOURI, Respondent, *v.* JAMES McCARRON, Appellant.

1. *Criminal law — Jury, challenges of.* — In a trial for murder, defendant is entitled, under the statute (Wagn. Stat. 1102, § 4), to a full panel of forty qualified jurors before he can be compelled to make his peremptory challenges.

2. *Criminal law — Murder — Evidence — Testimony of wife for co-defendant of husband.*—Where two persons are jointly indicted for murder, and they are tried separately, the wife of one is a competent witness for the other.

*Appeal from St. Louis Criminal Court.*

*L. F. Dinning* and *Chas. Coular*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted jointly with others in the Circuit Court of Washington county for the killing of Samuel Herrington, and on his application a change of venue was awarded to St. Louis county.

Upon a trial in the Criminal Court, he was convicted of murder in the second degree, and sentenced to ten years' imprisonment in the penitentiary. Two points are mainly relied on to reverse the judgment of the Criminal Court: first, that it committed error in impaneling the jury; and, secondly, that it refused to admit competent and legal testimony offered by the defendant. It appears from the record that there were forty men summoned and returned as jurors to try the cause, twelve of whom were called, sworn and examined as to their qualifications and fitness. No objection was made by the State or the defendant as to their competency, and the court then required the parties to make their peremptory challenges before any more jurors were called.

To this ruling of the court the defendant objected, claiming that he was entitled to have a full panel of forty qualified jurors before he could be compelled to make his peremptory challenges, but the objection was overruled and an exception taken and saved.

The statute provides that there shall be summoned and returned in every criminal cause a number of qualified jurors equal to the number of peremptory challenges, and twelve in addition, and no party shall be required to make peremptory challenges before a panel of such number of competent jurors shall be obtained. (Wagn. Stat. 1102, § 7.)

The court surely misconstrued the law. The section is plain; there must be a full panel of competent jurors qualified and obtained before either party can be required to make peremptory

challenges.   In this case the number was forty, as the defendant was entitled to challenge twenty peremptorily, and the State eight; and till the whole forty men were called, passed and qualified as jurors, the court could not require either party to exercise the right of peremptory challenging.

The remaining question to be considered is the action of the court in refusing to allow Mrs. Fatchett to testify for the defendant.   Her husband, John R. Fatchett, was indicted with the defendant for the murder of Herrington, and had not been tried when this cause was heard.   On the objection of the circuit attorney her testimony was ruled out as being incompetent.

This question was considered by this court in a late case (State v. Burnside, 37 Mo. 343), and it was held that when several are jointly indicted for an offense which may be committed by one or more, and they are tried separately, the wife of one defendant is a competent witness for the others, and on separate trials they are entitled to the benefit of her testimony in all cases except in conspiracy or other joint offenses.   Upon the separate trial of the co-defendant, except in conspiracy and such like joint offenses, the judgment in the case of the prisoner will neither inure to the benefit or to the injury of the husband, and therefore the rule of law prohibiting the wife from testifying either for or against her husband is not violated.

The judgment must be reversed and the cause remanded. Judge Adams concurs.   Judge Bliss absent.