————o————

THE STATE OF MISSOURI, Appellant, *vs.* MEREDITH WATERS, Respondent.

1. *Practice, criminal—Privilege, waiver of.*—Where a statute grants an important privilege to the prisoner, he may waive it, but, if he insists on his privilege, it must be granted.

2. *Practice, criminal—Waiver of irregularity.*—If the prisoner makes no objection, he may be regarded as waiving any mere irregularity.

3. *Practice, criminal—Full panel, prisoner may insist upon, notwithstanding, etc.*—In a trial for murder defendant may waive his right to be furnished with a full panel of forty jurors from which to make his challenges, but where he insists upon the full panel, the court cannot compel him to select his triers from thirty-two jurors, although under the statute he is entitled to but twenty peremptory challenges, and the State waives its challenge of the list so reduced.

*Appeal from St. Louis Court of Appeals.*

*Normile, Ct. Att'y,* for Appellant, cited State vs. Klinger, 46 Mo., 224; State vs. Hays, 23 Mo., 287.

*McKee & McFarland,* for Respondent, cited Wagn. Stat., 1102, §§ 7, 8; State vs. Klinger, 46 Mo., 224; State vs. Buckner, 25 Mo., 167, 169, 170, 171; State vs. McCarron, 51 Mo.,

27, 28; State vs. Holme, 54 Mo., 153, 166; Wagn. Stat., 800, § 24; Taylor vs. Pac. R. R. Co., 45 Cal., 323; State vs. Scroggins, 37 Cal., 677; Cooley vs. State, 38 Tex., 636; Gladdin vs. State, 13 Fla., 623.

WAGNER, Judge, delivered the opinion of the court.

The only question in this case relates to the action of the circuit court in impaneling a jury for the trial of the cause.

The record states, that on the 6th day of October, 1875, the defendant, being brought into court, waived a formal arraignment and put in the plea of "not guilty," and agreed that the cause might be set down for trial on the 8th day of the month. The defendant, by his attorneys, filed a written motion on the 7th, the next day, requiring that a panel of forty competent jurymen should be furnished forty-eight hours before the day of trial. In compliance with the motion, on the same day, the 7th, a list of forty jurors was furnished, and on the next day, the 8th, the cause was called for trial, and the defendant declared himself not ready, because the panel of forty jurymen had not been delivered to him forty-eight hours before the day of trial. Defendant's objection was overruled by the court, and he excepted. Immediately afterwards, on the same day, the court ordered the clerk to deliver to the defendant a list of thirty-two qualified jurymen, from which to select a jury, the State having waived its challenges, from which order of the court, compelling the defendant to select a jury from the list containing only thirty-two qualified jurors, the defendant excepted.

As the defendant was indicted for murder in the first degree, a full panel of competent or qualified jurors would be forty, as the State was entitled to eight peremptory challenges, and the defendant to twenty. The statute declares that there shall be summoned and returned, in every criminal cause, a number of qualified jurors equal to the number of peremptory challenges and twelve in addition; and no party shall be required to make peremptory challenges before a

panel of such number of competent jurors shall be obtained. (Wagn. Stat., 1102, § 7.)

Where a statute is made, as in the above instance, granting an important privilege for the benefit of the defendant, he may waive it if he will (State vs. Klinger, 46 Mo., 224), but if he insists upon it, it is the duty of the court to conform their action to it. If the party makes no objection he may be regarded as acquiescing in any mere irregularity, but if he excepts at the time the plain duty of the court is to carry out the statute.

We will not speculate as to what would be the probable chances of prejudice or injury to defendant by pursuing a different course from that pointed out by the law ; it is sufficient to say that the statute has enacted that a full panel shall be furnished before the party can be compelled to make his peremptory challenge, and no court has a right to set aside this positive requirement of the law, against the party's objections, and say that another course will do as well. State vs. McCarron, 51 Mo., 27 ; State vs. Holme, 54 Mo., 153.) When the defendant demanded a full panel it was the duty of the court to see that it was furnished to him, and the refusal to do so was error. The defendant had waived the condition that the panel should be delivered forty-eight hours before the time set for trial, by agreeing to a particular day within that period, but he always insisted upon his right to a full panel, and he was entitled to it.

The court of appeals reversed the judgment of the circuit court, and its judgment will be affirmed. Judges Napton and Sherwood concur ; Judges Vories and Hough absent.