THE STATE v. DAVIS, *Appellant.*

**Practice, Criminal:** JURY: WAIVER OF FULL PANEL. A prisoner on trial for a criminal offense cannot consent to a proposal from the prosecuting attorney to go to trial with less than a full panel of jurors. Morally he is in chains; his action is involuntary and cannot constitute a waiver of his legal right to a full panel. Whether

he may waive his right of his own motion, and without suggestion from the other side, *quaere?*

*Appeal from Jackson Criminal Court*—HON. HENRY P. WHITE, Judge.

*B. L. Woodson* and *Rucker Bros.* for appellant.

1. Defendant could not waive the legal number of jurors in the manner shown by the record. *Berry v. State,* 10 Ga. 524; *Terry v. Buffington,* 11 Ga. 337; *King v. Woolf,* 1 Chitty 401; *State v. Mansfield,* 41 Mo. 470; *State v. Klinger,* 46 Mo. 224; *Brownlee v. Hewitt,* 1 Mo. Appeal Rep. 360.

*J. L. Smith,* Attorney-General, for the State.

1. The defendant consented to a panel of 24 men, and 9 challenges, and thereby waived his privilege of striking off the statutory number. Being for his benefit, he could waive the privilege, and cannot take advantage of his waiver after the verdict. It is not alleged nor proved that he was in any wise prejudiced thereby, and, if he were, the matter was not presented in time nor in the proper shape. *State v. Marshall,* 36 Mo. 400; *State v. Hays,* 23 Mo. 287; *State v. Holme,* 54 Mo. 153; *State v. Jackson,* 12 La. An. 679; *State v. Vester,* 23 La. An. 620; *State v. Axiom,* 23 La. An. 621; *People v. Coffman,* 24 Cal. 230; Proffatt on Jury Trials, § 198.

SHERWOOD C. J.—Defendant was indicted for robbery in the first degree, convicted, and his punishment assessed at the lowest statutory limit.

I. When the defendant was arraigned, there were but 24 of the regular panel of jurors in the box; seeing this, the court ordered the marshal to summon six additional ones, whereupon the prosecuting attorney asked the attorneys of defendant to waive the bringing in and swearing of the six additional ones, which defendant's attor-

neys consented to do. Thereupon the prosecuting attorney struck off three men, and the defendant's attorneys nine men, and the remaining twelve were sworn as a jury. In indictments for the offense charged, the accused is entitled to a panel of 30 jurors. It is provided: There shall be summoned and returned in every criminal cause, a number of qualified jurors equal to the number of peremptory challenges, and twelve in addition; and no party shall be required to make peremptory. challenges before a panel of such number of competent jurors shall be obtained. (2 W. S., 1102, § 7.)

The minimum of punishment for robbery in the first degree, is ten years; (1 W. S., 456, § 23); and as "no limit to the duration of such imprisonment is declared, the defendant was entitled to twelve peremptory challenges, (2 Id., 1102, § 4), and the State to six, (Id., § 6). The court should have enforced the order for summoning six additional jurors, and promptly rebuked the prosecuting attorney when making his improper proposal to the opposing counsel. When one indicted for a felony appears for his trial, he comes into the court room bearing the stigma of an indictment, every eye is fixed on him with scrutinizing suspicion; he is decidedly below par, carries weight, and "is under a cloud." Though technically free and presumptively innocent, the beneficent presumptions of the law avail him but little; morally he is in chains. He is, therefore, in no condition to object to scarcely anything which the prosecuting attorney may propose, without incurring the hazard of increasing the suspicion which already clusters around him, and thus fatally prejudicing his cause. The very term waiver imports a voluntary act, and an act cannot be thus denominated when performed under conditions of practical compulsion. If the accused fails to object to an improper proposal coming from the representative of the State, he thereby loses a right guaranteed to him by the law. If he objects, he thereby jeopards his right to an impartial trial by jury, guaranteed to

him by the constitution. Under such circumstances, to hold the prisoner bound by an involuntary, so-called, and extorted consent, would be purely farcical, and the merest mockery of justice. We do not by the above remarks, intend to be understood as meaning that the accused may not voluntarily, and of his own head, waive any right, short of a constitutional one ; but we do mean to assert that such waiver must be one in deed and in truth ; in reality, not alone in name and appearance ; not made as the result of what is in effect, an intimidatory suggestion of the prosecuting attorney. (*Brownlee v. Hewitt*, 1 Mo. App. Rep. 360 ; *Terry v. Buffington*, 11 Ga. 337.) In *State v. Hays*, (23 Mo. 287), there was a full panel upon which the right of peremptory challenges could be exercised. In the *State v. Holme*, (54 Mo. 153), the judgment was reversed, because of non-compliance with the statute requiring that the first twelve names remaining on the list should be recorded. Two of such names were not thus recorded, and the error was held fatal. It is true objection was made at the time, but the opinion seems to be based, for the most part, on the clear and needless violation of a plain statutory provision. In the *State v. Mansfield*, (41 Mo. 470), it was said, when speaking in general of the right of the accused, " that the prisoner is not in a condition to exercise a free and independent choice without often creating prejudice against him ;" and the remarks of Abbott, C. J., in *King v. Woolf*, (1 Chit. 401), are cited with approval, as to the evident impropriety of the prosecuting officer making a request of the defendant to which he cannot fail to accede without injuriously affecting him. If in the case at bar, we give sanction to a course of conduct which deprives the defendant of three peremptory challenges, because the prosecuting attorney suggests it, the same principle pushed to its logical conclusion, would, upon a like suggestion, deprive him of all peremptory challenges. The statute is very plain and of very easy observance, and the administration of public justice will be best subserved by compel-

ling prosecuting officers to keep within the line of their legitimate duty. This is only one of numerous instances, where the Attorney-General is called upon to perform the onerous task of offering argument in attempted justification of the acts of his subordinates. All necessity for this, as well as the large accumulation of criminal costs which it entails upon the State, can be readily obviated by simply observing that which the statute enjoins; that and nothing more. And the sooner this is understood by those who in the lower courts represent the State, the better will it be for her financial welfare. Under the old circuit attorney system, these departures from statutory provisions, were by no means frequent; now, however, under the new regime, they are so common as to fail to excite comment.

II. The instructions, both on the part of the State as well as those on behalf of defendant, seem to leave nothing to be desired; and the seventh instruction asked by the latter was properly refused, inasmuch as it was a mere commentary upon the evidence.

III. We think that Ghio, the saloon keeper, should have been permitted to testify respecting the condition of Wittak, when in his saloon. His condition at that time, as respects drunkenness, would have some tendency, though slight, to shed some light upon subsequent occurrences, and enable the jury to form a more accurate opinion of the reliability to be given to his testimony. As the cause must be retried because of the first mentioned error, we forbear further comment on the evidence, reverse the judgment and remand the cause. All concur.

REVERSED.