THE STATE v. ROBERTSON, *Appellant.*

1. **Jury**: WAIVER OF STATUTORY PRIVILEGE. It is too late after conviction to object that the panel of jurors, from which the trial panel was selected, was insufficient in number. The right to have a number of qualified jurors equal to the number of peremptory challenges, and twelve in addition, before proceeding with the trial, is a statutory privilege, (Wag. Stat., 1102, ¿ 7,) and is deemed waived if not claimed in time.

2. **Practice**: JUDGE'S CONTROL OVER THE RECORDS OF THE COURT. If the record of a criminal case as made up by the clerk, erroneously

fails to show that the defendant was present during the trial, the judge may, at any time during the term, cause a proper entry to be made showing his presence.

*Appeal from Worth Circuit Court.*—Hon. S. A. Richardson, Judge.

Affirmed.

*E. Miller* and *Lafe Dawson* for appellant.

*J. L. Smith*, Attorney-General, for the State.

Henry, J.—No bill of exceptions, nor anything purporting to be a bill of exceptions, was filed in the cause, 1. JURY: waiver of statutory privilege. and we can, therefore, consider only such errors, if any, as appear in the record proper. The defendant was indicted for burglary in the first degree and grand larceny. In criminal trials the State, in all cases punishable by imprisonment in the penitentiary, "not less than a specified number of years," is entitled to challenge peremptorily six, and the defendant twelve jurors. 2 Wag. Stat., § 4 p. 1102. The punishment prescribed for burglary of the second degree, is punishment in the penitentiary not less than three years. Wag. Stat., § 18 p. 455. The State, therefore, was entitled in this case to six, and the accused to twelve, peremptory challenges. 2 Wag. Stat., § 7 p. 1102, provides that: "There shall be summoned and returned in every criminal case a number of qualified jurors equal to the number of peremptory challenges, and twelve in addition; and no party shall be required to make peremptory challenges before a panel of such number of competent jurors shall be obtained."

The record shows that at the April term of the Worth circuit court, defendant answered ready for trial, and the court ordered a jury of twenty-four men to be summoned, from which panel twelve were selected, empaneled and sworn to try the cause. Thirty were necessary to compose a legal panel of jurors in this cause, and the court erred in

ordering a less number to be summoned. But the defendant made no objection, and is to be regarded as having waived the right to the statutory number. *State v. Waters,* 62 Mo. 196. Defendant's counsel contends that the defendant could not waive this right; but it will be found on examination of the adjudications that it is a constitutional and not a statutory right, to which that doctrine is applicable. In *The State v. Mansfield,* 41 Mo. 474, relied upon by counsel, by consent of defendant eleven jurors tried the cause, one having been discharged in consequence of sickness, and the court reversed the judgment, on the express ground that it was a waiver of a constitutional right, remarking that, "Whenever there is a constitutional guaranty of the right of trial by jury, the jury must be composed of twelve men." But our reports abound with cases in which it has been held, that a mere statutory privilege or right may be waived by the defendant. *State v. Waters,* 62 Mo. 196. Nor is there anything in this case making the doctrine of that of the *State v. Davis,* 66 Mo. 684, applicable here. The defendant was not asked, in the presence of the jury, to consent to a less number of jurors on the panel, from which the trial panel was to be selected, than the statute required, but, when the case was called for trial, the court ordered a jury of twenty-four men to compose the panel, from which a jury to try the cause was to be selected, to which the defendant made no objection. In *The State v. McCarron,* 51 Mo. 28, cited by counsel, the defendant objected to the order of the court at the time, and that fact distinguishes that from this case.

The record affirmatively shows that the defendant was present throughout the trial, and there is nothing in the

2. PRACTICE: judge's control over the records of the court. point that the entries were made after the motions for a new trial and in arrest were filed. It was at the same term of the court. It was not an amendment *nunc pro tunc,* and the court was authorized to order such entries, although there was nothing of record by which an amendment *nunc pro tunc* could

have been made at a subsequent term.   It is the duty of the court to see that the clerk makes all proper entries during the term, and it has authority, during the term, if any have been omitted, to require the clerk to make them.   This doctrine is too well established to require any citation of authorities to support it.   There being no bill of exceptions in the transcript, we cannot notice the instructions complained of.   The judgment is affirmed.   All concur.