THE STATE v. KEELE, *Appellant.*

DIVISION TWO.

1. **Criminal Law :** FELONIOUS STABBING : INDICTMENT. An indictment for felonious stabbing, under Revised Statutes, 1879, section 1262, need not charge that the knife, with which the crime was alleged to have been committed, was a deadly weapon, nor that it was open in the hands of the defendant at the time of the stabbing.

2. **Criminal Practice**: INDICTMENT : "A TRUE BILL." An objection on the trial of a change of venue case that the indictment was not indorsed by the foreman of the grand jury " a true bill " is rightly overruled, where the transcript from the county in which the indictment was found shows the indorsement was in fact made, and the original indictment was not produced to show the contrary.

3. **Instructions**: FELONIOUS STABBING. Instructions given on the trial of an indictment for felonious stabbing approved.

4. **Criminal Practice** : LOWER GRADE OF CRIME : WAIVER. A defendant who requests the court to limit its instructions to the specific offense charged in the indictment cannot complain of its failure to instruct on lower grades of the crime.

5. ———: STATUTORY RIGHTS : WAIVER. Statutory rights may be waived by a defendant in a criminal case when done voluntarily and of his own head.

*Appeal from Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*John M. Wood,* Attorney General, for the State.

The instructions of the court properly declared the law to the jury. ( 1 ) The first, the general instruction upon the offense charged. R. S. 1879, sec. 1262; *State v. Jones,* 86 Mo. 623. ( 2 ) The second, as to malice and malice aforethought. *State v. Thomas,* 78 Mo. 327. (3 ) The third, that, if he stabbed deceased to gratify a feeling of revenge, he was guilty. *State v. Kilgore,* 70 Mo. 557. ( 4 ). There can be no objection to instructions, numbered 5 and 6, in relation to " character" of defendant, and reasonable doubt. ( 5 ) Under the evidence the court properly confined the instructions to the offense, as charged under section 1262, Revised Statutes, 1879. *State v. Robb,* 90 Mo. 30. However, the record shows that, "at the close of the evidence, the defendant, by his counsel, asked that the jury be confined by the instructions of the court to the precis offense charged in the indictment, and be limited in

their assessment of punishment, in case of conviction, to the penalty imposed by section 1262, Revised Statutes of 1879, namely, imprisonment in the penitentiary for not more than ten years, nor less than two years ;" and, if error was committed in not instructing as to a lower degree of the offense, it was committed at the request of defendant, and is not reversible. *State v. DeMosse*, 98 Mo. 340. (6) If defendant had a right to have the jury instructed as to a lower degree, he waived it. *State v. Davis*, 66 Mo. 684; *State v. Gilmore*, 95 Mo. 554; *State v. Klinger*, 46 Mo. 224; *State v. Waters*, 62 Mo. 196; 1 Bish. Crim. Proc., secs. 117–126; 1 Bish. Crim. Law, secs. 995, 996. The record shows that the indictment was certified "a true bill" by the foreman, and the motion to quash was properly overruled. *State v. Elliott*, 98 Mo. 150.

MACFARLANE, J.—Defendant was indicted by a grand jury of Benton county under section 1262, Revised Statutes, 1879, for a felonious assault. A change of venue was taken to Henry county, where a trial was had, and defendant convicted and sentenced to two years' imprisonment in the penitentiary.

Upon the trial the evidence tended to prove that defendant assaulted one Wash Howery and stabbed him in several places with a knife, inflicting severe and dangerous wounds. Defendant offered evidence tending to prove that the affray was brought on by the said Howery, and also offered evidence of previous good character.

The indictment charged that on the twenty-sixth day of April, 1885, at the county of Benton, state aforesaid, defendant "did in and upon the body of one Wash Howery, feloniously, on purpose and of his malice aforethought, make an assault, and did then and there on purpose and of his malice aforethought feloniously cut and stab him, the said Wash Howery, with a certain knife

which he, the said Samuel Keele, then and there had and held in his right hand with intent," etc.

In his motion in arrest of judgment, defendant makes a general objection to this indictment on the grounds of insufficiency. Special objections are also made that it is not charged that the knife was a deadly weapon, or that it was open in the hand of defendant when the stabbing was done. The felonious stabbing of another with intent to kill constitutes one offense under section 1262. As to that offense, the statute is silent as to the character of the weapon used. The indictment sufficiently follows the language of the statute defining the offense, and is sufficient. *State v. Chumley*, 67 Mo. 43.

II. The motion to quash the indictment for the reason that it was not indorsed "a true bill" by the foreman of the grand jury was properly overruled, it appearing from the transcript of the Benton circuit court that the indorsement was, in fact, made, and the original indictment was not produced to show the contrary.

III. The court gave the jury proper instructions upon the offense charged under section 1262, which defines a felonious assault; correct definitions were given of malice and malice aforethought; instructions were also given as to previous good character and reasonable doubt, which were unobjectionable.

The court also instructed the jury that if defendant cut and stabbed Howery to gratify a feeling of revenge against him, "and thought of doing such cutting and stabbing for any length of time, however short, before doing the same, and did it in carrying out such previously formed design and with the intent to kill Howery, then defendant is guilty of the crime charged in the indictment." An instruction much more prejudicial to defendant was held in case of *State v. Kilgore*, 70 Mo. 557, not to be cause for reversal. The instruction does not seem to be open even to the criticism of the one given in the *Kilgore case*.

At the close of the evidence, defendant by his counsel asked that the jury be confined by the instructions of the court to the precise offense charged in the indictment, and be limited in their assessment of punishment, in case of conviction, to the penalty imposed by section 1262, Revised Statutes of 1879, namely, imprisonment in the penitentiary for not more than ten years, nor less than two years. The court seems to have complied with this request, and gave no instructions authorizing a conviction for a lower offense or lighter punishment. Section 1908, Revised Statutes, 1879, requires the court to "instruct the jury, in writing, upon all questions of law arising in the case, which are necessary for their information in giving their verdict."

It has been frequently decided by this court, under that section of the statute, that it is the duty of the court to instruct the jury on all lower grades of the offense charged in the indictment which the evidence tends to prove. *State v. Palmer*, 88 Mo. 571; *State v. Robb*, 90 Mo. 34; *State v. Young*, 99 Mo. 666. It has also been frequently held by this court that a defendant in a criminal case may waive a statutory right. *State v. Klinger*, 46 Mo. 224; *State v. Waters*, 62 Mo. 196; *State v. Gilmore*, 95 Mo. 554. So at common law, "if the defendant has consented to any step in the proceedings, or if it has been taken at his request, or he did not object to it at the proper time when he might, he cannot afterwards complain of it, however contrary it was to his constitutional, statutory or common-law rights." Bish. Crim. Proc., sec. 118. This rule is not applied, without some qualifications, to criminal cases; but it seems well settled that statutory rights will be waived by a defendant when done "voluntarily, and of his own head." *State v. Davis*, 66 Mo. 686. Indeed, the statute itself expressly forbids any judgment to be "arrested or in any manner affected, * * * for any error committed at the instance or in favor of defendant." R. S. 1879, sec. 1821; *State v. DeMosse*, 98 Mo. 343.

The request, in this case, was expressly and voluntarily made, doubtless on account of some supposed advantage to be gained thereby. Defendant waived the right, and cannot now be heard to complain.

No error appearing, the judgment is affirmed. All concur.