## THE STATE v. BELL, Appellant.

### Division Two, December 17, 1901.

Criminal Law: JURY PANEL: OBJECTIONS: EXCEPTIONS: NECESSITY. Where, in a prosecution for murder, defendant fails to except at the proper time to the failure to provide a complete general panel before calling on him to make his challenges, and to properly preserve his exception by bill of exceptions, the objection can not be considered on appeal.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, for the State; *Perry S. Rader,* Special Counsel.

There is nothing in the record to indicate that defendant ever excepted or in anywise objected to the panel being limited to thirty jurors; nothing to indicate that he undertook to peremptorily challenge more than twelve of them. State v. Holmes, 54 Mo. 153. If defendant was put on his trial for murder in the second degree, he was not entitled to a panel of

forty, but only to one of thirty jurors, and the record reciting that a list of the qualified jurors (thirty men) having been delivered to him, and no objections made or exceptions saved, it ought to be presumed that he was not put upon trial for murder in the first degree, that it was announced before the jury was summoned that he would not be tried for that offense, and that the silence of the record on this point (a mere omission of a clerical officer) that such announcement was made, ought not to work a reversal.

SHERWOOD, P. J.—DeWitt Bell, tried on a charge of murder in the first degree, found guilty of manslaughter in the fourth degree, and sentenced to two years imprisonment in the penitentiary, appeals to this court.

No bill of exceptions has been preserved, and consequently, only the record and its recitals are presented for examination.

Defendant is not represented in this court.

The record shows that on the fourth day of the term, being the twenty-eighth day of February, 1901, "a list of the jury (thirty men) was delivered to the defendant's attorney at 2:30 o'clock p. m." There is no recital in the record that defendant was tried for murder in the second degree, or that he waived his right to a panel of forty men, or that he filed any motion asking that a list of forty qualified jurors be furnished him, or that any exceptions were saved to the action of the court in making a list of only thirty.

For what degree of homicide defendant was tried, does not directly appear. Under the first clause of section 2619, Revised Statutes 1899, if tried for murder in the first degree, defendant was entitled to twenty peremptory challenges, and the State to eight, under section 2621.

And defendant being entitled to twenty peremptory challenges and the State to eight, these being added to the twelve required for the trial panel, would make forty; and under sec-

tion 2622 no peremptory challenges can be *required* of either party before the general panel of competent jurors has been obtained. If, however, the charge was murder in the second degree, or by reason of the prosecuting attorney's entering a nolle as to the first degree, thus waiving the higher charge of murder in the first degree and electing to prosecute for the next lower degree, as he could indubitably do (State v. Frazier, 137 Mo. 317), then, this would require only thirty for the general panel, to-wit, twelve peremptory challenges for defendant, six for the State, and twelve for the trial panel, and this would precisely equal the number mentioned in the list sent defendant.

But, a defendant could waive his right to a complete general panel, before making his peremptory challenges, "if he so desired," just with the same degree of facility that the State could. And no other doctrine is announced in State v. Davis, 66 Mo. 684.

It was not said there, nor ruled there "that one indicted for robbery in the first degree can not waive his right to a panel of thirty men." But we *did* rule that a prosecuting attorney could not make any effectual proposal to the defendant in that case to proceed to challenge, etc., before a number competent to complete the general panel had been obtained; and we said on this point: "The court should have enforced the order for summoning six additional jurors, and promptly rebuked the prosecuting attorney when making his improper proposal to the opposing counsel. . . . . The very term 'waiver' imports a voluntary act, and an act can not be thus denominated when performed under conditions of practical compulsion. If the accused fails to object to an improper proposal coming from the representative of the State, he thereby loses a right guaranteed to him by the law. If he objects, he thereby jeopards his right to an impartial trial by jury, guaranteed to him by the Constitution. Under such circumstances to hold the prisoner bound by an involuntary (so-called) and extorted consent,

would be purely farcical, and the merest mockery of justice. We do not, by the above remarks, intend to be understood as meaning that the accused may not voluntarily, and of his own head, waive any right, short of a constitutional one; but we do mean to assert that such waiver must be one in deed and in truth; in reality, not alone in name and appearance; not made as the result of what is in effect, an intimidatory suggestion of the prosecuting attorney."

How, in the face of such plain language, the conclusion has been reached that this court had ruled as stated by the special representative of the State, is beyond the range of ordinary human perception.

But it is wholly immaterial what may have been our rulings on the point mentioned, or what the statutory provisions thereon, for the reason that this case does not turn on the point of record recitals at all, and for this reason:   The matter of failing to provide a complete general panel before calling on a party defendant to make his challenges, is a matter of *exception, pure and simple;* and such party, if he fail to except at the proper time and to properly preserve such, his exception, any redress for him is out of reach of judicial interposition; and all the record recitals in the world will not save his lost, because non-preserved, rights.

A bill of exceptions, as this court has often said, is the only repository known to the law for saving and preserving matters of exception, and no substitute can supplant or supply the use of such bill.   [Nichols v. Stevens, 123 Mo. loc. cit. 119 and cas. cit.; State v. Wear, 145 Mo. loc. cit. 204, 205, and cas. cit.]

In consequence of these views, and because there is no bill of exceptions and no error apparent on the record proper, the judgment will be affirmed.   All concur.