## THE STATE v. MAY, Appellant.

### Division Two, March 28, 1902.

1. **Criminal Law: JURORS: NUMBER OF PEREMPTORY CHALLENGES: LEX FORI.** Under Revised Statutes 1899, section 2621, providing that in criminal trials the State shall be entitled to a certain number of peremptory challenges, viz., in capital or life imprisonment cases eight, except that in all cities having 100,000 inhabitants it shall be entitled to fifteen challenges, the number of challenges is determined by the place of trial, and not the place where the crime was committed.

2. ———: ———: **PANEL: REFUSAL TO QUASH: NEW TRIAL.** The State being entitled to fifteen peremptory challenges, and defendant to twenty, in a capital case tried in a city having 100,000 population, and Revised Statutes 1899, section 2624, providing that the State shall first announce its challenges, and then defendant shall announce his, and the remaining twelve, or, if there be more, the first twelve names remaining, shall constitute the jury, refusal to quash the panel because containing less than forty-seven men, is ground for new trial.

Appeal from Buchanan Criminal Court.—*Hon. Benj. J. Casteel,* Judge.

REVERSED AND REMANDED.

*James M. Wilson, Thomas B. Allen* and *Morte H. Craig, Jr.,* for appellant.

A venire of forty-seven jurors should have been qualified by the court before requiring defendant to announce his challenges. Revised Statutes 1899, section 2621, and sections following, read with section 2619, require this number in cities having a population of over one hundred thousand

inhabitants, when the punishment may be death, and the court will take judicial notice that the population of the city of St. Joseph, in which the trial was had, exceeded that number. State v. Davis, 66 Mo. 684; State v. McCarron, 51 Mo. 27. This statute is valid, and not subject to attack for unconstitutionality. State v. Hayes, 88 Mo. 344. The defendant called the attention of the trial court to the insufficiency of the number qualified under the statute by his motion to quash the venire, thereby objecting to being required to make his challenges from an insufficient list. The motion to quash should have been sustained. State v. Buckner, 25 Mo. 167.

*Edward C. Crow,* Attorney-General, for the State.

It is well settled in this State that the statutory method of summoning, drawing and impaneling jurors is directory and not mandatory, and if the jurors are qualified to serve as such and it does not appear that the defendant was prejudiced, the judgment will not be reversed at his instance because of irregularity or informality in their selection. State v. Matthews, 88 Mo. 121; State v. Pitts, 58 Mo. 556; State v. Breen, 59 Mo. 415; State v. Ward, 74 Mo. 256; State v. Gleason, 88 Mo. 582; State v. Jones, 61 Mo. 232; State v. Jennings, 98 Mo. 497. The right to have the number of qualified jurors equal to the number of peremptory challenges and twelve in addition before proceeding to the trial, has been decided by this court to be a statutory privilege. State v. Robertson, 71 Mo. 446; State v. Waters, 62 Mo. 196. The act providing for the drawing of juries in cities of one hundred thousand inhabitants clearly limits the scope of said enactment to cities of one hundred thousand inhabitants, and construing that act in connection with section 2621, it is apparent that the Legislature intended section 2621, Revised Statutes 1899, to apply only to cities having one hundred

thousand inhabitants and to courts whose jurisdiction is confined wholly to said city.

SHERWOOD, P. J.—On a former occasion, at the present term of this court, an opinion was delivered which affirmed the judgment of the trial court, and this because the bill of exceptions was not properly authenticated, and so we could not examine the errors alleged to have occurred during the progress of the trial. Since then, however, such action of the trial court has been taken that the record has been so amended *nunc pro tunc,* as properly to authenticate the bill, and so we proceed to look into its now validated contents, and in connection therewith, such portions of the record proper as are pertinent to such investigation. The charge is murder in the first degree, and that charge supported by the verdict. The person slain was John R. Martin and his death resulted from defendant shooting him dead with a pistol, while he stood before his slayer unarmed.

The indictment was found at the March term, 1901, of the Buchanan Criminal Court, which sits alone in the city of St. Joseph.

The controlling preliminary question in this case is: In a trial which occurs in a criminal court sitting alone in a city of over 100,000 inhabitants, and which court has jurisdiction also over the county in which such city is situate, what is the requisite number of jurors where the trial is had on the charge here recorded, and where the crime is done in the county, but outside of the city limits?

Section 2621, Revised Statutes 1899, relied on by defendant is as follows:

"In all criminal trials the State shall be entitled to the following number of peremptory challenges, viz.: In cases specified in the first clause of section 2619, eight . . . . except in all cities having a population of over one hundred thousand inhabitants the State shall be entitled to the follow-

ing number of peremptory challenges, viz.: In cases specified in the first clause of said section, fifteen." . . .

Section 2619 to which the section just quoted refers, makes provision in its first clause that "if the offense charged is punishable with death, or imprisonment in the penitentiary not less than for life," the defendant is entitled to peremptorily challenge twenty jurors.

Section 2624 requires the prosecuting attorney to "first announce the challenges for the State," and then the defendant "shall announce his challenges, and the remaining twelve or if there be more than twelve, the first twelve names remaining on the list unchallenged, shall be the jury to try the cause."

It is undeniably clear that section 2621 provides that "in all criminal trials," where the trial occurs in a city of over one hundred thousand inhabitants, the State is entitled, where death or imprisonment for life is the punishment, to fifteen peremptory challenges. This is the plain and unequivocal language of section 2621, and that plain language must be obeyed. It will not be permitted to add to that section *words which would restrict its operation to cases where the crime was committed within the city limits of such a city;* for the statute says nothing of that sort. We can not, without usurping legislative functions, add to the statutory provisos, or increase the statutory exceptions. In other words, the right to fifteen peremptory challenges is given to the State whenever a case of murder in the first degree is tried in a city of over one hundred thousand inhabitants, no matter where the case may have arisen, or from whence it may have come by change of venue. It is the *locus fori,* and not the *locus delicti* that determines the number of the State's peremptory challenges. Were this otherwise, we should witness in Kansas City, for instance, some denizen of McDonald county on trial for his life with only a panel of forty to select from, while a citizen of that municipality who had done murder on her streets, would have a list of forty-seven from which to make his pre-

cautionary selections. We hold, then, that, the trial in the case at bar having occurred in St. Joseph, a city of over one hundred thousand inhabitants, according to the latest United States census, of which we take judicial notice, the State was entitled to fifteen peremptory challenges, and this number being added to the twenty allowed defendant, and that sum being added to the twelve required for the traverse jury, would make up a panel of forty-seven men; and that defendant could not be compelled to make his challenges until such panel was full and complete. [State v. McCarron, 51 Mo. 27; State v. Davis, 66 Mo. 684; State v. Waters, 62 Mo. 196; State v. Robertson, 71 Mo. 446; see also State v. Holme, 54 Mo. 153; State v. Culler, 82 Mo. loc. cit. 626; State v. Bryant, 93 Mo. loc. cit. 280.]

As the defendant properly saved his exceptions to the erroneous action of the court in denying his motion to quash the incomplete panel, and in denying his motion for a new trial based on such error, the judgment herein before entered, at the present term, affirming the judgment of the lower court, will be vacated and set aside, and the judgment rendered by the trial court will be reversed and the cause remanded All concur.