**STATE of Missouri, Respondent,**

v.

**Artura Winifred HAMILTON, Appellant.**

**No. 51036.**

Supreme Court of Missouri,

Division No. 2.

July 12, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Ben Ely, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

Gwendolyn M. Wells, Kansas City, for appellant.

FINCH, Judge.

This is an appeal from a conviction of murder in the second degree. Defendant was sentenced to imprisonment for a term of twelve years.

The jury returned its verdict on June 16, 1964. On that same date, on application of counsel for defendant, the court granted thirty days from June 16, 1964, to file motion for a new trial. Thereafter on July 17, 1964, a motion for new trial was filed. It was taken up and overruled on August 24, 1964, and on that same date an appeal was taken to this court.

Rule 27.20(a), V.A.M.R., requires that motions for new trial in criminal cases be filed within ten days after the verdict is returned, with the proviso that the court may extend the time on application for a maximum of thirty additional days. The transcript in this case discloses that on June 16, 1964, the court entered an order granting a total of thirty days from June 16, 1964, in which to file a motion for new trial. That extended the time to and including July 16, 1964. No application for a further extension was made. Then on July 17, 1964, a motion for new trial was filed. We have held repeatedly that compliance with Rule 27.20(a) is mandatory and that a motion for new trial not filed in conformity therewith is a nullity and preserves nothing for review. We are precluded from consideration of matters required to be preserved in a motion for new trial. State v. Franklin, Mo., 379 S.W.2d 526; State v. Parker, Mo., 310 S.W.2d 923, and State v. Kenton, Mo., 298 S.W.2d 433. The motion for new trial herein was not filed in accordance with the Rule.

No brief on behalf of defendant was filed in this court but the transcript discloses that defendant was represented ably throughout the trial and in all after-trial proceedings in the Circuit Court by an attorney of his selection.

Pursuant to Rule 28.02, V.A.M.R., we have reviewed those matters therein enumerated, for which assignments in a motion for new trial are not necessary, and we find no error. The information is sufficient, the verdict is in order, the punishment fixed was within the statutory limits, defendant was accorded allocution and the judgment is in proper form.

The judgment is affirmed.

All of the Judges concur.