**603**

**STATE of Missouri, Respondent,**

v.

**Charles H. WHITE, Appellant.**

No. 51631.

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

———◆———

Norman H. Anderson, Atty. Gen., Jefferson City, Gordian S. Benes, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

DONNELLY, Judge.

Defendant, Charles Herbert White, was convicted of unlawful possession of a narcotic drug under § 195.020 RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Jackson County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280 RSMo (as amended Laws 1959, S.B. 117, § 1), was assessed at imprisonment for a term of three years.

The jury returned its verdict on March 31, 1965. On said date, defendant was given leave by the trial court to file his Motion for New Trial on or before April 29, 1965. He filed his Motion for New Trial on May 12, 1965. The Motion for New Trial was overruled and judgment entered on June 10, 1965. Defendant, by leave of this Court, filed his Notice of Appeal on July 27, 1965. Defendant was represented throughout by an attorney of his own selection.

Supreme Court Rule 27.20(a), V.A.M.R., reads as follows:

"(a) A motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor. Such motion shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion."

The Motion for New Trial, filed May 12, 1965, thirteen days aftr April 29, 1965, is a nullity and we are precluded from consideration of any matters required to be preserved therein. State v. Hamilton, Mo. Sup., 391 S.W.2d 872.

We have examined the transcript and find nothing to cause us to invoke Supreme Court Rule 27.20(c), V.A.M.R.

We have also examined the parts of the record designated in Supreme Court Rule 28.02, V.A.M.R., and find them to be free from error.

The judgment is affirmed.

All concur.