**STATE of Missouri, Respondent,.**

v.

**Melvin CLARK, Appellant..**

No. 53329.

Supreme Court of Missouri, Division No. 1.

Oct. 14, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Charles G. Hyler, Sp. Asst. Atty. Gen., Farmington, for respondent.

Robert A. McIlrath, Flat River, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of assault with intent to do great bodily harm, Section 559.180, V.A.M.S., and his punishment was assessed at 3-years' imprisonment in the penitentiary, Section 559.190, V.A.M.S. Sentence and judgment were rendered accordingly.

The sufficiency of evidence is not attacked, and a brief statement demonstrates a submissible case.

Defendant Melvin Clark and his father-in-law, John Sherrill, were drinking together for several hours January 10, 1967. Between 7:00 p.m. and 8:00 p.m., they engaged in a quarrel at the home of Mrs. Jewell Sherrill, John's estranged wife. In the presence of Jerry and Jackie Sherrill, sons of John, Judy Clark, John's daughter and Melvin Clark's wife, Opal Jean Bess and her son Kevin, and in the words of Jerry Sherrill, corroborated by the others, John "slapped Mel, or hit him, and then Mel got up and they had a scuffle and a few licks hit around there. * * * Mel got up and said he was leaving and went out to the car which was parked on the highway up by our mailbox, about 100 yards." Mel came back with a 12-gauge shotgun and when he reached the house fired three shots, one of which hit John Sherrill in the shoulder. Jerry Sherrill subdued defendant by hitting him on the head with the flat side of a chopping ax. The blow rendered defendant unconscious. Upon regaining consciousness, defendant was heard by various witnesses to say he "meant to kill us all." "I intended to kill all of you when I came in here." "I meant to kill youns all."

Defendant's version at trial was that John Sherrill came at him with the chopping ax and that he shot in self-defense, a matter submitted by appropriate instruction.

The jury's verdict was received May 1, 1967, and on that date defendant was granted thirty days in which to file a mo-

tion for new trial. Defendant filed his motion for new trial June 1, 1967.

Criminal Rule 27.20(a), V.A.M.R., requires a motion for new trial in a criminal case to be filed within ten days after return of the verdict, with provision for the trial court, upon application, to extend the time a maximum of thirty additional days. The thirty days granted here extended the time a total of thirty days from May 1, 1967, or to and including May 31, 1967. No application for additional time was made.

These circumstances are identical to those in State v. Hamilton, Mo., 391 S.W.2d 872, holding that compliance with Rule 27.20(a) is mandatory and that a motion for new trial not filed in conformity with the rule is a nullity and preserves nothing for review. See also State v. Olinger, Mo., 396 S.W.2d 617, 621[4]. State v. Rapp, Mo., 412 S.W.2d 120, 122[1, 2]. This motion for new trial was not timely.

Appellant has briefed points in his untimely motion for new trial relating to alleged improper cross-examination and argument by the prosecuting attorney, matters requiring a presentation by timely motion for new trial to be preserved for review. There is no suggestion that they are subject to review as plain error under Criminal Rule 27.20(c), V.A.M.R., and there is no constitutional issue involved. Consequently, only matters of record which require no assignment of error are for review under Criminal Rule 28.02, V.A.M.R. State v. Rapp, supra. In that review there is no error. The information is sufficient; the verdict is responsive to the charge; the punishment was within statutory limits; allocution was accorded, and the judgment is in proper form. In addition, defendant had the benefit of counsel of his own choosing.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HENLEY, P. J., STORCKMAN, J., and DOWD, Special Judge, concur.

SEILER, J., not sitting.