STATE of Missouri, Respondent,

v.

Leo HOWARD, Appellant.

No. 56665.

Supreme Court of Missouri,
Division No. 2.

Feb. 22, 1972.

John C. Danforth, Atty. Gen., Alfred C. Sikes, Asst. Atty. Gen., Jefferson City, for respondent.

Edwin Yagel, Brookfield, for appellant.

STOCKARD, Commissioner.

Leo Howard, charged as a second offender, was found guilty by a jury of

stealing personal property of more than $50 value, and his punishment was fixed by the court at imprisonment for a term of three years.

There is no challenge to the sufficiency of the evidence to support the verdict. The only contention on this appeal is that the trial court erred in refusing to grant appellant's application for a change of venue. The application was denied by the trial court on the basis that the required supporting affidavits contained only conclusions and not facts. We must rule that this issue has not been preserved for appellate review.

The jury verdict was returned on January 28, 1971, and on February 1, the trial court granted appellant "30 days in which to file motion for new trial." Whether it was intended that the motion was to be filed within 30 days after the verdict or 30 days after the order fixing the time is immaterial in this case. The motion was not filed until March 6, the 33d day after the order and the 37th day after the verdict.

This court has repeatedly held that the provisions of Rule 27.20, V.A.M.R., pertaining to the time in which a motion for new trial must be filed, are mandatory, and that a motion not filed within the time fixed by the trial court is a nullity and preserves nothing for appellate review. State v. White, Mo., 439 S.W.2d 752; State v. Crow, Mo., 388 S.W.2d 817, certiorari denied, 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668; State v. Clark, Mo., 432 S.W.2d 279.

Although appellant does not assert that the refusal to grant the requested change of venue amounted to plain error affecting substantial rights within the meaning of Rule 27.20(c), we shall *sua sponte* consider that issue.

The basis for a change of venue for alleged prejudice of the inhabitants of a county is that a fair and impartial jury cannot be obtained. Where, as in this case, the appellant has waived his contention that he was entitled to a change of venue "as of course", see Criminal Rule 30.04, V.A.M.R., by failing to file a timely motion for new trial presenting that issue, there must be a showing that a fair and impartial jury was not empaneled, if we are to set aside the conviction for plain error affecting substantial rights. Appellant, however, does not challenge the fairness or impartiality of the jury, either as a body or as individual jurors. No claim having been made that he was prejudiced by reason of the jury which tried him, any error in not granting a change of venue may not be said to have adversely affected his substantial rights.

The judgment is affirmed.

HOUSER, C. concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.