STATE of Missouri, Plaintiff-Respondent,

v.

Odell NELSON, a/k/a Kenneth W. Finley, Defendant-Appellant.

No. KCD 27194.

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

Motion for Rehearing and/or Transfer Denied Aug. 5, 1975.

Willard B. Bunch, Public Defender, Robert A. Simons, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM:

On May 11, 1973, a grand jury returned an indictment against Odell Nelson, charging him with robbery, first degree. More specifically, it was charged that Nelson did, on April 24, 1973, make an assault on one Ronald McDonald with a loaded .38 caliber revolver and, by putting McDonald in fear of immediate injury to his person, robbed, stole, took and carried away $100 which was in the care and custody of McDonald. On September 20, 1973, the State was granted leave to file an amended information in lieu of this indictment. The amended information charged Kenneth W. Finley, a/k/a Odell Nelson, under the Second Offender Act with robbery, first degree in the aforementioned particulars. The jury returned a verdict of guilty, and the court, after overruling the motion for new trial and duly granting allocution, sentenced the defendant to seven years in the Missouri Department of Corrections. The defendant has appealed claiming that (1) certain evidence was inadmissible, and that (2) he was unduly prejudiced when the jury was made aware that he had an alias. We rule that these issues have not been preserved for appellate review.

Rule 27.20(a), V.A.M.R. requires that a motion for a new trial in a criminal case be filed within ten days after the verdict is returned. That rule also provides that the trial court may, upon application, extend the time a maximum of thirty additional days. The record of this case reveals that the jury verdict was returned September 24, 1973, and on the same date defendant was given thirty days in which to file a motion for new trial. No application for a further extension was made. The motion for new trial was filed on October 30, 1973, the 36th day after the verdict and order.

Compliance with Rule 27.20(a) is mandatory, and a motion for new trial not filed within the time fixed by the trial court is a nullity and preserves nothing for review. The motion for new trial in this case was not filed within the time fixed by the trial court, was not timely and, hence, preserved nothing for review. *State v. Clark,* 432 S.W.2d 279 (Mo.1968); *State v. Hamilton,* 391 S.W.2d 872 (Mo.1965); *State v. Howard,* 476 S.W.2d 587 (Mo.1972).

Pursuant to Rule 28.02, we have reviewed the sufficiency of the information, verdict, and judgment and sentence—matters of record which require no assignment of error.

The information is sufficient and the verdict is responsive to the offense charged. The sentence was within the statutory limits, allocution was granted, and the judgment is in proper form.

**58**

The judgment is affirmed.