STATE of Missouri, Respondent,

v.

Allen THOMAS, Appellant.

No. 36599.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 12, 1975.

Gael T. Infande, Crouppen, Walther & Zwibelman, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Allen Thomas was charged with the felony-murder of Edgar Clark and with robbery in the first degree by means of a dangerous and deadly weapon. He was found not guilty by a jury of murder, but guilty of robbery, and was sentenced to the custody of the Department of Corrections for a term of fifteen years.

Appellant presents two points in his brief to this court; (1) "It was plain error for the court to allow the jury panel to consist of only thirty-four members instead of the required forty-seven;" and (2) "The jury verdict was against the weight of the evidence because the character of the State's key witness precluded reasonable people from believing her testimony."

As to his first point, appellant necessarily relies on Rule 27.20(c) pertaining to plain error because at no time did he object that the jury panel consisted of only thirty-four members instead of forty-seven, and he made no mention of the matter in his motion for new trial.

Appellant was tried in the City of St. Louis, which has a population of over one hundred thousand, and he was charged with murder in the first degree. Therefore the provisions of § 546.180, subsec. 2, were applicable, *State v. Williams*, 515 S.W.2d 544

(Mo.1974), and he was entitled, at least upon request, to a jury panel consisting of forty-seven qualified members from which he was entitled to twenty peremptory challenges, and the State was entitled to fifteen peremptory challenges.

■ The right of an accused to a panel of qualified jurors of the number specified in § 546.180, subsec. 2, RSMo 1969, before he may be called upon to make his peremptory challenges "is a matter of exception, pure and simple," *State v. Bell*, 166 Mo. 106, 65 S.W. 736 (1901), and the right to exercise peremptory challenges in a criminal case is a right which may be waived by the accused or by the State after a fair opportunity has been given to exercise it. *State v. Long*, 324 Mo. 205, 22 S.W.2d 809 (1929); *State v. Page*, 186 S.W.2d 503 (Mo.App.1945); *State v. Supinski*, 378 S.W.2d 602 (Mo.App.1964); Annotation, 56 A.L.R.2d 742; 47 Am.Jur.2d, Jury, § 241. In *State v. Nichols*, 165 S.W.2d 674 (Mo.1942), it was expressly held that the failure to object to a jury panel which provided the accused with fewer peremptory challenges than authorized by statute constituted a waiver of the right to a larger panel.

In each of the cases cited and relied on by appellant, *State v. Williams,* supra; *State v. Kinne*, 372 S.W.2d 62 (Mo.1963); and *State v. May*, 168 Mo. 122, 67 S.W. 566 (1902), the defendant objected to being forced to make his peremptory challenges from a panel consisting of less than the number provided by statute, and that issue was then preserved for appellate review. But, as previously noted, appellant made no objection in any manner, and did not present the matter in his motion for new trial. Therefore, the cases relied on by appellant are not controlling.

■ It has long been the rule that an appellate court, will not consider matters, other than those constituting plain error within the meaning of Rule 27.20(c), raised for the first time on appeal, and it will not convict a trial court of error which was not timely brought to its attention so it could correct the error. This leaves only the question of whether the failure to provide a jury panel of forty-seven members, so that appellant could exercise twenty peremptory challenges instead of twelve, constituted plain error affecting substantial rights within the meaning of Rule 27.20(c), and we hold that it does not.

First. If appellant had presented the matter in his motion for new trial, the failure to object timely would have constituted a waiver of the right to have a jury panel of forty-seven members, and no prejudicial error would have resulted. If there occurred no reversible error, there obviously cannot be plain error adversely affecting substantial rights within the meaning of Rule 27.20(c).

■ Second. A peremptory challenge is an arbitrary and capricious species of challenge to a certain number of qualified jurors without the need of showing any cause. The peremptory challenge is not exercised in the selection of jurors, but in their rejection. *State v. Supinski*, 378 S.W.2d 602 (Mo.App.1964). It has been stated that the peremptory challenge permits a litigant, or the accused in a criminal case, to have excused a juror as to whom there are insufficient grounds to support a challenge for cause, but who, in the opinion of the challenger may not be inclined to look with favor upon him or the nature of the controversy. 47 Am.Jur.2d, Jury, § 233. The use of the peremptory challenge is a part of the process of obtaining, and its objective is to obtain, a fair and impartial jury.

Appellant does not contend that he did not have a fair and impartial jury, either as a body or as individual jurors. Therefore, where appellant has waived his right to exercise twenty peremptory challenges by failing to object or move to quash the jury panel, and by failing to present that issue in his motion for new trial, there must be a showing that a fair and impartial jury was not empaneled if we are to set aside the conviction on the basis that plain error occurred adversely affecting substantial

rights. Since there is no such claim, much less any proof, there occurred no plain error within the meaning of Rule 27.20(c). For a somewhat comparable case, see *State v. Howard*, 476 S.W.2d 587 (Mo.1972).

There is another reason why the judgment is not to be reversed. Appellant was entitled, upon request, to a jury panel of forty-seven members because he was charged with murder in the first degree. But, the jury returned a verdict finding him not guilty of murder. Therefore, if the judgment as to robbery, from which this appeal is taken, is to be reversed, upon retrial he would be entitled to a jury panel of thirty-four members, *State v. Williams*, supra, and that is precisely the number he had in the present trial.

It has been said that error in a criminal trial is presumed to be prejudicial, *State v. Allen*, 246 S.W. 946 (Mo.1922), but such a presumption is not conclusive, *State v. Boone*, 355 Mo. 550, 196 S.W.2d 794 (1946), and may be overcome by the facts and circumstances of the particular case. *State v. Coleman*, 186 Mo. 151, 84 S.W. 978 (1905). Harmless error is not grounds for the reversal of a judgment. *State v. Davis*, 369 S.W.2d 237 (Mo.1963); *State v. Spica*, 389 S.W.2d 35 (Mo.1965). In view of the fact that appellant was acquitted of the murder charge, and upon retrial of the robbery charge he would be entitled to the exact number of peremptory challenges he received at the trial of this case we find, at most, a procedural error without prejudice. See *State v. Walker*, 484 S.W.2d 284, 286 (Mo.1972).

By his second point, that the jury verdict "was against the weight of the evidence," appellant presents no issue for appellate review. This was an issue for the trial court in ruling on the motion for new trial, but the weight of the evidence is not a matter reviewable by an appellate court. *State v. Talbert*, 454 S.W.2d 1 (Mo.1970); *State v. Williams*, 376 S.W.2d 133 (Mo.1964). Appellant argues that the principal witness for the State was not believable because she

was an admitted prostitute and a murderer. However, the court properly instructed the jury concerning the believability of the witnesses, and it was for the jury to determine the credibility of the witnesses, including this one. *State v. Minor*, 282 S.W.2d 545 (Mo.1955). This court determines only whether there was substantial evidence, if believed by the jury, to sustain a verdict of guilty, *State v. Missey*, 234 S.W.2d 777 (Mo. 1950), and appellant does not contend that there was not.

The judgment is affirmed.

SMITH, C. J. and NORWIN D. HOUSER, Special Judge, concur.