STATE of Missouri, Plaintiff-Respondent,

v.

Woodrow HARPER, Defendant-Appellant.

No. 50760.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Edward A. Glenn, Sp. Asst. Atty. Gen., Louisiana, for respondent.

Briney, Welborn, Spain, Bloomfield, for appellant.

BARRETT, Commissioner.

Woodrow Harper has been found guilty of an assault with intent to kill and sentenced to six months' imprisonment and a fine of $500. V.A.M.S. § 559.190. The information charged that Woodrow made an assault upon Calvin Davis with a .22 caliber pistol. State v. Harris, 209 Mo. 423, 108 S.W. 28.

The circumstances were that about 6:30 on Saturday, December 29, 1962, Calvin

**354**

Davis, age 26, and his friend J. C. Hawkins went to Curly's Tavern on Highway 108 in Dunklin County and had "one beer." Woodrow Harper and his son Phil were "over in the corner" drinking and, according to Calvin, Woodrow was drunk. Calvin and J. C. left Curly's Tavern but returned again about 8 o'clock and Calvin resumed his beer drinking. By that time Phil Harper and Calvin's friend and neighbor Jerry Green, 5 feet 2 inches and weight 105 pounds, were "arguing." When Phil and Jerry started walking to the door Calvin intervened and said, "Phil, why don't you leave that boy alone? He's a lot smaller than you are, and it don't take very much for you to hurt him." One word led to another and finally Phil challenged Calvin, "Well, let's go outside and settle it right now."

And so Calvin and Phil went outside and "squared off." As they fought Phil grabbed Cal around the waist and they fell to the ground, Phil on top of Calvin, and as they fell with Phil's "fingers in my eyes," Cal was struggling to get Phil off "because he was hurting" and as he pulled Phil "over this way" the appellant Woodrow Harper, father of Phil, came out the door "hollering 'Get away, get away, just let me kill him.' " Woodrow kicked Cal in the jaw and as he turned his head kicked him again knocking out a tooth, and as Cal continued his struggle with Phil, "still trying to get him off of me," and "got him over to one side, and I had my leg up here kind of around like that" Woodrow fired his pistol. The bullet entered Calvin's hip and ranged down into his thigh. At this point Cal said, "I've done had enough, Phil, you all have done worked me over." Nevertheless Phil hit him again causing him to stumble and fall. Some of the twelve or fifteen bystanders separated the combatants and Phil came over to the Hawkins' truck and offered to buy a beer but Cal said, "No, I don't feel like we should buy a beer now, I've got to go to the Dock because I've been shot."

The defendant offered no testimony and of course the briefly narrated evidence is sufficient to support the charge of assault with intent to kill. State v. Lane, Mo., 371 S.W.2d 261. The appellant contends, however, that the court erred in permitting the prosecuting attorney to make the argument, as he states it in his brief, "that defendant-appellant should not have had a gun there anyhow; that he should have known the danger of firearms; and that the jury should not let people run around like that." The assignment briefed and argued is that the argument "was calculated to have the jury convict the defendant for a crime with which he was not charged." In the first place the appellant's statement of his point takes the prosecutor's argument out of context. In the second place there was no request for specific relief, it is doubtful that there was even an objection. Counsel merely made a statement —"Your Honor, he's not charged with any crime of that nature at all. This argument is calculated for this jury to convict him of something he's not even charged with." But in context the prosecutor's statement is not subject to the construction that he in fact charged the appellant with another and separate crime as in State v. Isaacs, Mo., 187 S.W. 21, where state's counsel said, "[I]f defendant had not been violating the law by carrying a revolver, Campbell would not have been killed." It does not appear that the appellant's weapon was offered in evidence although the manner of its use was described. The fact of his carrying the weapon may not have deprived Woodrow of any defense he may have had. Nevertheless upon a charge of felonious assault, particularly upon the appellant's intention in employing a weapon, the gun is admissible in evidence (State v. Chevlin, Mo., 284 S.W. 2d 563, 566; 6 C.J.S. Assault and Battery § 119, p. 985) and of course if relevant is not to be excluded from all consideration notwithstanding it may incidentally show the appellant to be guilty of some other offense. 6 Am.Jur.2d (Assault & Battery) § 101, p. 88. And if the gun or the circumstances of its use are relevant and in evidence it would seem to follow as a matter of course, absent a direct imputation of some

separate and wholly disconnected offense, that it was not prejudicially erroneous for the prosecuting attorney to employ the fact in his argument to the jury.

 The court gave an instruction on the subject of Woodrow's right to come to the defense of his son Phil. The other assignment of error briefed and argued by his counsel is that this instruction is manifestly erroneous because the second paragraph contains the language "you ought to be *satisfied* that Defendant's apprehension was reasonable." But upon this particular record it is not necessary to consider whether the italicized word in this instruction unfairly misplaced the burden of proof. See and compare however State v. Demaree, Mo., 362 S.W.2d 500; State v. Swinburne, Mo., 324 S.W.2d 746; State v. Adams, Mo., 355 S.W.2d 21. It is assumed if there is evidence of the fact that Woodrow in assaulting Calvin acted in defense of his son Phil that the court was under a duty to instruct on the subject (State v. Turner, 246 Mo. 598, 152 S.W. 313), but "(t)he amenability to the law of one who, finding another engaged in an affray, goes to his aid and takes part in the conflict depends upon his own acts and intent, and not upon the intent which actuates the person to whose aid he goes, he having no knowledge thereof." 26 Am.Jur. (Homicide) § 158, pp. 265–266. Without pointing to specific circumstances or indicating permissible inferences it. is obvious from even a casual résumé of the record that there was no evidence to support the finding, hypothesized in the instruction, of Woodrow's innocence "on the ground of necessary defense of another." State v. Rose, Mo., 346 S.W.2d 54, 56–57. In view of these rules and circumstances and in the absence of plain demonstration that the appellant was injured by this favorable and unsupported submission any error in the instruction must be deemed harmless. State v. Wynne, 353 Mo. 276, 282, 182 S.W.2d 294, 296.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.