**STATE of Missouri, Respondent,**

v.

**Don McDodd OLINGER, Appellant.**

**No. 51158.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, David Dempsey, Special Asst. Atty. Gen., Clayton, for respondent.

J. William Blackford, Kansas City, for appellant, Blackford & Wilhelmsen, Kansas City, of counsel.

STORCKMAN, Judge.

The defendant, Don McDodd Olinger, was charged by information with the offenses of second-degree burglary and stealing. Sections 560.070 and 560.156, RSMo 1959, V.A.M.S. At a hearing out of the presence of a jury, the court found that the defendant had been previously convicted of three felonies as charged in the amended information. Section 556.280. The defendant was found guilty by a jury of the charge of stealing property of the value of more than $50 but was acquitted on the burglary charge. A motion for a new trial was filed, considered by the trial court and overruled. The defendant was sentenced to imprisonment for a term of five years and he has appealed. He was represented at the trial as he is here by counsel of his own choice.

The sufficiency of the evidence to support the conviction is not challenged and a brief statement of the evidence will suffice. On Saturday night, July 28, 1962, Harry Baker, manager of the Great Atlantic and Pacific Tea Company store in Lexington, Missouri, closed the place of business and saw that everything was locked before leaving. The next morning he came to the store at about 9 o'clock and noted that a number of cartons of cigarettes were missing from the place they were kept at a check-out counter near the front of the store. Further investigation disclosed that an opening, about 30 inches by 30 inches, had been made in a wall of the building at a point where there was a lean-to shed on the outside that housed heating and cooling equipment. The manager checked his inventory and ascertained that about 250 cartons of cigarettes having a value between $500 and $600 were missing. The manager called the sheriff and, among other things, told him that the cigarettes could be identified by the name A&P marked on them together with store number 154.

In the course of repairing the wall, a billfold was found under the pile of bricks and mortar that had been taken from the wall. In the billfold was $14 in cash, a General Mills "work slip", a driver's license issued to the defendant Don Olinger and other papers. The defendant lived and worked in Kansas City. He was arrested with the assistance of members of the Kansas City Police Department. Two hundred and thirty-two cartons of the cigarettes bearing the A&P mark and the store number were found in a crawl space under the defendant's house. These were identified by the manager as the cigarettes taken from the store. The defendant made numerous statements to the sheriff and his deputy after he was arrested and while he was in jail which implicated him in the offenses charged.

The defendant asserts that he was entitled to have his case tried and submitted under the provisions of § 552.030, RSMo 1963, Cum.Supp., V.A.M.S., pertaining to mental disease or defect excluding responsibility for criminal conduct. This section which was enacted by the general assembly as one of several statutes relating to the mental condition of persons accused or convicted of crime became effective on October 13, 1963. Laws of Missouri 1963, pp. 4 and 674.

Section 552.030, insofar as pertinent to our present inquiry, provides as follows:

"1. A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law.

"2. Evidence of mental disease or defect excluding responsibility shall not be admissible at trial of the defendant unless the defendant at the time of entering his plea to the charge pleads not guilty by reason of mental disease or defect excluding responsibility, or unless within ten days after a plea of not guilty or at such later date as the court may for good cause permit, he files a written notice of his purpose to rely on such defense."

The offense charged was committed on July 28, 1962, and an information was filed October 15, 1962. On the same day the defendant accompanied by his counsel was arraigned, waived the reading of the information and "enters a plea of Not Guilty to the charge of Burglary and Stealing." A trial was had and on October 3, 1963, a jury found the defendant guilty of second-degree burglary and stealing. On January 20, 1964, the defendant's motion for a new trial was sustained on the ground of improper remarks of the prosecuting attorney made during the opening statement.

On April 3, 1964, the defendant filed a written notice of his intention to

rely on the defense that at the time of the alleged offense, as a result of mental disease or defect, he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of the law. In his written notice, the defendant also moved that the court order the defendant committed to a state mental institution pursuant to paragraph 1 of § 552.040, RSMo 1963, Cum.Supp., V.A.M.S., covering an acquittal on the ground of mental disease or defect excluding responsibility. On April 13, 1964, the prosecuting attorney filed his reply refusing to accept the defense and requested a mental examination and report pursuant to paragraph 4 of § 552.030. The court appointed Dr. E. C. Kepler of the Division of Mental Diseases of State Hospital No. 1 at Fulton to make the examination. On June 10, 1964, Dr. Kepler filed his report of the psychiatric examination of the defendant which concluded with the finding that the defendant was competent to stand trial and was not suffering from any mental disease or defect. On July 20, 1964, the case was called, both the state and defendant announced ready, and the trial began which resulted in the present conviction.

The defendant did not testify but medical evidence offered in his case tended to show that in November 1962 the defendant became a patient of Dr. Albert Preston, Jr., a doctor of medicine specializing in psychiatry. Based on an electroencephalogram and other examinations, the doctor made a diagnosis of involutional depression or melancholia and testified there were "suggestions of an epileptic equivalent", and that in such an episode or epileptic fugue a person loses consciousness or his memory is blurred and at the time he cannot control his actions. The defendant was treated and improved under medication. In answer to a question whether the defendant was "suffering from any mental impairment" when "he dug a hole in this wall and took these cigarettes and shoved

them up under his house", Dr. Preston gave an opinion that the defendant's acts were "incompatable and inconsistent with normal behavior" and the defendant did not have "full possession of his mental faculties" at the time of such conduct. However, the doctor's testimony was so speculative, vague, and contradictory that it lacked the certainty necessary for probative value with respect to the issue on which it was offered. See Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, 647 [6, 8]. On the whole record, there is no substantial evidence that at the time of the burglary and stealing on July 28, 1962, the defendant was afflicted with a mental disease or defect of such nature that he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of the law. The evidence was insufficient to invoke the provisions of § 552.030, and the court did not err in refusing to submit that defense. State v. Brizendine, Mo., 391 S. W.2d 898, 903 [6]. The respondent urges additional reasons why § 552.030 was not applicable such as the statute operating prospective only and that defendant had not taken proper steps to invoke the statute even if it were otherwise applicable. But these contentions of the respondent need not be considered in view of the ruling we have made.

■ Because of the nature of the evidence offered by the defendant, the contentions made at the trial and the nature of the issues submitted, we have, in the exercise of our discretion, also considered the evidence as bearing on the defense of insanity as it existed prior to the enactment of § 552.030. See State v. Goodwin, Mo., 352 S.W.2d 614, 619 [1]. On the entire record we find that the evidence was not sufficient to require a submission of this issue. State v. Brizendine, Mo., 391 S.W.2d 898, 903 [6]; State v. Hutchin, Mo., 353 S.W.2d 701, 703 [7]. The issue of insanity was submitted to the jury but the defendant would have no

standing to complain since the submission was more favorable to him than warranted by the evidence and therefore not prejudicial. State v. Harper, Mo., 386 S.W.2d 353, 355 [6, 7].

The defendant undertakes to assign error in three instructions given for the reasons among others that the instructions failed to require a finding that the defendant stole the property described in the information, that it was the property of the A&P Company, and that the instructions assumed the defendant had made statements and confessions and commented on the fact. The respondent asserts we are precluded from considering these and other assignments of error because the motion for new trial was out of time and preserves nothing for review. The transcript is equivocal as to whether the verdict was returned on July 20 or July 21, 1964, but it is clear that the motion for new trial was not filed until August 1 and there was no extension of time. In either event, the motion for new trial was not filed within the period of ten days after verdict as provided by S.Ct. Rule 27.20(a), V.A.M.R. See also § 547.030, RSMo 1959, V.A.M.S.

■ The filing of the motion after the time allowed is a nullity and preserves nothing for review. State v. Kenton, Mo., 298 S.W.2d 433, 434 [1]; State v. Pedockie, Mo., 391 S.W.2d 255, 257 [5]. The defendant counters with the request that we review the assignments in the motion for new trial under S.Ct. Rule 27.20(c) which provides that plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not preserved for review "when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

The transcript discloses that the defendant by statements amounting to judicial admissions sought to prevent the state from proving the facts relating to the commission of the offense and the defendant's criminal agency and sought to confine the issue solely to the mental responsibility of the defendant. Prior to the opening statements of counsel, the attorney for the defendant advised the court that: "Inasmuch as it is admitted that the burglary occurred and the defendant here was the perpetrator thereof the defendant interposes the fact the only defense is the plea of insanity and defendant objects to any rehashing of the facts themselves * * *." During his opening statement, defendant's counsel referred to the subject several times stating in substance that at the time the defendant committed the acts charged his mental condition was such that he was not criminally responsible and that at the end of the trial the defendant would ask for a verdict of not guilty because of his mental difficulty. After the opening statements had been made, the defendant moved for a mistrial on the ground that "the prosecuting attorney has for the purpose of prejudice only outlined to the jury facts concerning this crime as committed by this defendant and such facts are not at issue here." During the trial the defendant objected to an exhibit on the ground that the only issue in the case was "the mental condition of the defendant at the time of the commission of this act." The defendant's closing argument to the jury was of the same nature. His counsel stated for example that the defendant "did it and we never said anything else" and that "this man [the defendant] burglarized the A&P store and took some cigarettes". Counsel concluded his argument to the jury with a request that they find the defendant not guilty by reason of insanity. Even the motion for a new trial set out in the transcript states that the facts of the burglary and stealing charged were admitted.

■■ When a defendant makes a voluntary judicial admission of fact before a jury, it serves as a substitute for evidence and dispenses with proof of the actual

fact and the admission is conclusive on him for the purposes of the case. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 323; State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, 1082; State v. Brooks, 99 Mo. 137, 12 S.W. 633, 634; 22A C.J.S. Criminal Law § 733, p. 1061. In the circumstances of this record, plain error has not been demonstrated in giving the instructions complained of.

■ The defendant also contends that we should review under the "plain error" rule his assignment that the court erred in failing to instruct on good character. See § 546.070(4) and S.Ct. Rule 26.02(6). As previously stated, the only evidence offered by the defendant related to his mental condition. In rebuttal the state put the defendant's foreman on the stand who testified to the kind of work that the defendant did and the manner in which he did it. This evidence was offered to counter defendant's evidence bearing on mental capacity. There was evidence that he was a homeowner and perhaps a depositor in a bank and paid taxes. On this record it has not been demonstrated that "plain error" under S.Ct. Rule 27.20(c) has been committed in failing to instruct on good character.

■ The defendant also contends that the verdict is not in proper form and is not responsive to the issues. This is a matter which we are required to consider under Rule 28.02 without an assignment of error respecting its sufficiency. The defendant was acquitted of the burglary charge but convicted of stealing. The jury's verdict on the latter charge reads: "We, the jury, find the defendant guilty of stealing property of the value of more than fifty (50) dollars." The defendant contends the verdict was defective in that it did not find that the defendant stole the cigarettes or property of the Great Atlantic and Pacific Tea Company and did not use the words "as charged in the information" and thus did not contain all of the elements of the crime of stealing.

In support he cites State v. Cacioppo, Mo. App., 373 S.W.2d 479, and State v. Saussele, Mo., 265 S.W.2d 290. In the Cacioppo case, the Kansas City Court of Appeals held a verdict which did not refer to the indictment and which omitted elements of defendant's knowledge that the goods received were stolen and of intent to defraud the owner was fatally defective. We need not discuss the Cacioppo case further since it relies on Saussele, an opinion of this court en banc which is controlling.

The verdict in the Saussele case did not refer to the indictment, and the court held that the words "as charged in the indictment" or "as charged in the information" are not essential to a general verdict although the better practice is to add such words to assure the verdict being construed as a general verdict. Further, the Saussele case holds that the verdict in a criminal case must be responsive to the charge made by the indictment and certain as to the offense intended; that it must contain either in itself or by reference to the indictment or information all essentials of the crime; and that it should be given a reasonable intendment and construction and is not to be avoided unless it is evident that it will work a manifest injustice. 265 S.W.2d at pages 293-294 [4-10]. These holdings of the Saussele case have been consistently followed by this court. See State v. Kennebrew, Mo., 380 S.W.2d 293, 295, and State v. Malone, Mo., 382 S.W.2d 679, 681.

We find that the verdict in the instant case is responsive to the charge made by the information and is definite and certain as to the offense intended and a judgment entered thereon will bar further prosecution for the same offense. State v. McCarthy, Mo., 336 S.W.2d 411, 417-418; State v. Ward, 356 Mo. 499, 202 S.W.2d 46, 47 [1, 2]. The claim of error is denied.

We have also examined the other parts of the record and entries designated in

S.Ct. Rules 28.02 and 28.08, V.A.M.R., and find them to be in proper form and free from error.

The judgment is affirmed.

All of the Judges concur.