

# Missouri Court of Appeals

## Southern District

### Division One

| | | | |
|---|---|---|---|
| STATE OF MISSOURI, | ) | | |
| | ) | | |
| Respondent, | ) | | |
| | ) | | |
| vs. | ) | No. SD36280 | |
| | ) | | |
| BARRY EDWARD GEORGE, | ) | FILED: August 31, 2020 | |
| | ) | | |
| Appellant. | ) | | |

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Judge

### **AFFIRMED**

At his trial for DWI and trespass, Appellant relied so completely on his § 563.026 justification defense (his passenger's alleged medical emergency) that Appellant readily and repeatedly admitted his intoxication and drunk driving:

- In opening statement, defense counsel admitted Appellant "was intoxicated; he did drive that vehicle."

- Appellant then testified, under his own attorney's questioning, that he was "drunk at that time" and "knew [he] shouldn't be driving."

- In closing argument, defense counsel again told jurors that Appellant "doesn't deny that he was intoxicated. He doesn't deny that he operated the motor vehicle."

- Finally, also in closing argument, defense counsel chastised the prosecutor for making such

    a big deal about how drunk [Appellant] was. We never
    disputed that. So all the testimony about him staggering and

swaying, slurring his words, the calibration of the breathalyzer machine, the certification of the officer who conducted the maintenance, the blood alcohol content, all a waste of your time.

Now, having been found guilty as charged, Appellant claims plain error that a police officer testified, without objection, to a 0.08 "legal limit" for DWI. Appellant complains that this encouraged the jury to convict him (his blood alcohol was 0.212) without finding he "was intoxicated, beyond a reasonable doubt," and "abdicate their responsibility" to determine whether he "was actually intoxicated."

Yet the jury *could* skip the intoxication element, not on the officer's word but on Appellant's own admissions. "When a defendant makes a voluntary judicial admission of fact before a jury, it serves as a substitute for evidence and dispenses with proof of the actual fact and the admission is conclusive on him for the purposes of the case." ***State v. Olinger***, 396 S.W.2d 617, 621-22 (Mo. 1965). This includes counsel's admissions in opening statements and closing arguments. ***State v. Nickels***, 598 S.W.3d 626, 638 (Mo.App. 2020); ***State v. Denzmore***, 436 S.W.3d 635, 643 (Mo.App. 2014).[1]

We need not reach other good reasons to reject this plain-error complaint. Point denied. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR
NANCY STEFFEN RAHMEYER, P.J. – CONCURS
WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[1] We cannot fathom how Appellant's brief can tell this court that he "never conceded that he was [in] an intoxicated condition."

2