

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Respondent, )   Nos. SD37369 & SD37370
)          CONSOLIDATED
)
v. )  **Filed: March 31, 2023**
)
ERIC CHRISTOPHER GIBBS, )
)
    Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Judge

**AFFIRMED**

Appellant, Eric Christopher Gibbs ("Gibbs"), appeals his convictions of failing to register as a sex offender and failing to register a change of residence, following a bench trial.[1]  See sections 589.414, RSMo Cum. Supp. 2018, 589.400, RSMo Cum. Supp. 2003, and 589.425, RSMo 2016.  Gibbs raises four points on appeal.  In point 1, he argues there was insufficient evidence to convict him of failing to register his change of residence.  In points 2 and 3, Gibbs argues the State presented insufficient evidence that he was required to register as a sex offender to support each of his convictions.  In point 4, Gibbs argues the trial court erred in

---

[1] These convictions are from two separate underlying cases, 19BT-CR01947-01 and 19BT-CR00895-01. The underlying cases were tried together.  Gibbs appealed his convictions in each case.  Those appeals have been consolidated into this matter.

admitting hearsay testimony that he had changed his residence. Finding no merit in Gibbs' points, we affirm.

## Facts and Procedural Background

In 2003, Gibbs pleaded guilty to endangering the welfare of a child for having sex with a child less than fourteen years old. After serving time in prison, Gibbs was released and began registering as a sex offender.

On October 25, 2018, Gibbs registered as a sex offender at the Butler County Sheriff's Department. He reported living at 299 County Road 455 (the "County Road" residence) in Poplar Bluff, Missouri, in Butler County. The registration form stated his next date to register as a sex offender was January 25, 2019, and was accompanied by a notification form which stated he was required to register within three business days each time he changed his residence.

On March 19, 2019, Butler County Police Captain David Sutton ("Captain Sutton") was checking the sex offender registration compliance of a different individual at a Franklin Street residence in Poplar Bluff when he encountered Gibbs at that residence. Gibbs told Captain Sutton he was not living at the Franklin Street residence. Captain Sutton believed Gibbs was a registered sex offender and asked to see his sex offender registration sheet. Gibbs told Captain Sutton he did not have the sheet with him and that he was not required to register as a sex offender.

*The Failure to Register Change of Residence Charge (Case No. 19BT-CR00895-01)*

After his March 19, 2019 contact with Gibbs, Captain Sutton called the Butler County Sheriff's Department to verify Gibbs was compliant with his registration and discovered Gibbs had not reported for his required "ninety day verification[,]" which had been due on or before January 25, 2019. Captain Sutton also learned the sheriff's office did not have a current registration form for Gibbs. Captain Sutton then visited the County Road residence Gibbs had listed on his last registration form. Captain Sutton spoke with Shirley Thompson, who lived at the County Road residence, and "learned that [Gibbs] had not been living there."

2

Gibbs was subsequently charged with failing to register a change of residence as required under sections 589.414 and 589.425, "in that on or about January 25th, 2019, [Gibbs] knowingly failed to perform the duties required of a registered sex offender in that [Gibbs] failed to verify the required information, within ninety (90) days of the previous registration" to the Butler County Sheriff's Department, having been previously convicted of a registrable offense.

On April 3, 2019, Gibbs registered as a sex offender in Butler County. Gibbs again listed his residence as the County Road residence. The signed registration form stated Gibbs was required to register again in 90 days, on or before July 3, 2019.

*The Failure to Register as a Sex Offender Charge (Case No. 19BT-CR01947-01)*

On July 10, 2019, Captain Sutton checked the sheriff's office records to see if Gibbs had registered. Once again, the sheriff's office had not received a current registration form from Gibbs. Gibbs was charged with failing to register as a sex offender under sections 589.400 and 589.425, "in that on or about July 3, 2019, [Gibbs] . . . knowingly failed to register as a sex offender . . . by not reporting for his 90 day verification as required."

*The Bench Trial*

Gibbs' two cases were consolidated and tried together to the trial court. During opening statements, Gibbs' attorney stated:

> [Defense Counsel]: [Gibbs] is not guilty of failing to register as a sex offender.
>
> The State has -- the State is going to, going to show through evidence that [Gibbs] is required to register. When he was seventeen years old he slept with a thirteen year old female; *for that he is required to register*.
>
> We expect today that they will introduce a history of registering in Butler County that dates back to 2011. However, at the end of the day we anticipate they will not be able to prove that he failed to register as they've alleged in these cases, and for that reason we will ask the [c]ourt to find him not guilty today.

(Emphasis added).

Following the State's evidence, Gibbs moved for a judgment of acquittal in both cases. The trial court overruled Gibbs' motions. Gibbs was found guilty in both cases by the trial court.

3

Gibbs filed a motion for new trial in each case, alleging the trial court erred in denying his motion for judgment of acquittal because the State failed to meet its burden of proving each element of the case. Gibbs' motions for new trial were denied by the trial court. This appeal followed. Additional evidence is set out in the analysis as necessary.

## Discussion

Points 1 through 3 challenge the sufficiency of the evidence to support Gibbs' two convictions: (1) failing to register his change of residence and (2) failing to register as a sex offender. Point 4 challenges and requests plain error review regarding the admission of Captain Sutton's testimony that he "learned Gibbs was not living at" the County Road residence as being inadmissible hearsay evidence. For ease of analysis, we address the points out of order.

In reviewing a claim for sufficiency of the evidence, our review is limited to "whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017) (quoting *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011)). This Court does not weigh the evidence, but accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict in determining whether evidence was sufficient to support a conviction and to withstand a motion for judgment of acquittal. *Id.* at 858-59. Additionally, we do not act as a "super juror" with veto powers but give great deference to the trier of fact. *Id.* at 859.

### Points 2 and 3: Sufficiency of the Evidence—Required to Register as a Sex Offender

In points 2 and 3, Gibbs challenges the sufficiency of the evidence resulting in his convictions for failing to register a change of residence (point 2) and failure to register (point 3) because "the State failed to provide sufficient evidence that [Gibbs] was ever required to register as a sex offender under either [the Sex Offender Registration Act] [("SORA")] or [the Sex Offender Registration and Notification Act] [("SORNA")]." Because Gibbs conceded at trial he

4

was required to register as a sex offender, he cannot now claim that the trial court erred in finding the State satisfied that element of the offenses.

Missouri maintains a sex-offender registry pursuant to SORA.[2] *Tilton*, 660 S.W.3d at 504. Under section 589.425.1, RSMo 2016, a person commits the crime of failing to register as a sex offender when the person is required to register under section 589.400 to 589.425 and fails to comply with any requirement of section 589.400 to 589.425. Both the State and Gibbs agree that at the time of his guilty plea for the underlying sex offense, Gibbs' offense was not an offense that required registration under SORA. However, Gibbs acknowledges that SORA includes a provision that requires registration for any Missouri resident who is required to register under SORNA. Our Supreme Court of Missouri has held that, under section 589.400.1(7) of SORA, a sex offender is required to register for a person's lifetime if he or she has been required to register under federal law (SORNA). *Smith v. St. Louis County Police*, 659 S.W.3d 895, 904 (Mo. banc 2023). Gibbs does not dispute that the sex offense for which he was convicted generally qualifies as a "sex offense" under SORNA. But, according to Gibbs, he was never actually required to register as a sex offender under SORNA because he was exempt under the "Romeo and Juliet" exception, which provides "[a]n offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 34 U.S.C. § 20911(5)(C).

We do not decide whether the Romeo and Juliet exception to SORNA applies because Gibbs conceded at trial he was required to register as a sex offender.[3] During his opening statement, Gibbs' attorney stated, "When he was seventeen years old he slept with a thirteen

---

[2] While the federal government does not maintain its own registry, the federal SORNA sets requirements for the registration of sex offenders that each state must comply with in order to receive federal funding. *State v. Tilton*, 660 S.W.3d 500, 504 (Mo. App. S.D. 2023).

[3] We note that section 589.401 establishes the procedure for a person seeking removal from the sexual offender registry.

year old female; *for that he is required to register*." When a defendant makes a voluntary judicial admission of fact, it acts "as a substitute for evidence and dispenses with proof of the actual fact and the admission is conclusive on him for the purposes of the case." ***State v. George***, 606 S.W.3d 687, 688 (Mo. App. S.D. 2020) (quoting ***State v. Olinger***, 396 S.W.2d 617, 621-22 (Mo. 1965). "This includes counsel's admissions in opening statements and closing arguments." ***Id.*** By admitting to the trial court he was required to register as a sex offender, Gibbs made a voluntary judicial admission of that element. Points 3 and 4 are denied.

### Point 4: Hearsay Evidence of Change of Residence

Gibbs claims there was insufficient evidence to prove he changed his residence (point 1) because the only evidence that he was no longer living at the County Road residence came from Captain Sutton's inadmissible hearsay testimony (point 4). Because Gibbs' argument in point 1 is predicated on his argument in point 4, we address point 4 first.

In point 4, Gibbs concedes his objection to the hearsay testimony is not preserved and requests plain error review. We will not review a claim for plain error "unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." ***State v. Yount***, 642 S.W.3d 298, 300 (Mo. banc 2022) (quoting ***State v. Clay***, 533 S.W.3d 710, 714 (Mo. banc 2017)).

According to Gibbs, the evidence was insufficient to prove that Gibbs ever moved from the County Road residence or changed his residence because the only evidence that he changed his residence was Captain Sutton's hearsay testimony. Captain Sutton's testimony was as follows:

[The State]: Okay. And did you try to track him down at that point?

[Captain Sutton]: I don't believe I did after that. I just sent the charges over. I had done some follow up with the first case. I went to the house out on County Road 455 and spoke with Shirley Thompson, learned that he had not been living there.

[Defense Counsel]: Objection, your Honor. Hearsay.

6

THE COURT: He hasn't quoted anyone yet, so just hold off just a second.

[Defense Counsel]: Okay.

[The State]: So let me ask you this: Did you go to the residence that he was supposed to be living at?

[Captain Sutton]: Yes.

[The State]: Per his registration?

[Captain Sutton]: Yes.

[The State]: Did you find him there?

[Captain Sutton]: No.

[The State]: Did you learn that he hadn't been living there?

[Captain Sutton]: I learned that he had not been living there.

Gibbs originally made the "hearsay" objection to Captain Sutton's testimony after Captain Sutton testified he spoke with Shirley Thompson and learned that Gibbs had not been living at that address.[4] However, Gibbs did not object to Captain Sutton's later testimony that he "learned that [Gibbs] had not been living there." In order to preserve his hearsay objection to this additional testimony, Gibbs was required to object to it again.[5] *State v. Young*, 582 S.W.3d 84, 93 (Mo. App. E.D. 2019). "[B]ecause Appellant did not object each time this same evidence was admitted, his objection is not preserved for appellate review." *Id.*

Moreover, Gibbs' own cross-examination of Captain Sutton brought about the same testimony, which Gibbs did not object to or move to strike:

[Defense Counsel]: Okay. And when you went to that house on County Road –

[Captain Sutton]: 455.

[Defense Counsel]: Okay. You didn't think he lived there?

---

[4] "It is, of course, so well established in our procedural law as not to require citation of authorities that proper objections to inadmissible evidence must be promptly made and adversely ruled in order to preserve error." *State v. Jackson*, 500 S.W.2d 306, 314 (Mo. App. K.C.D. 1973).

[5] Here, there was no indication Gibbs intended for his first hearsay objection to continue to Captain Sutton's later testimony.

[Captain Sutton]:  I didn't know if he had been staying there or not.

[Defense Counsel]:  Okay.

[Captain Sutton]:  Until I spoke with Shirley Thompson.

In essence, Captain Sutton testified three times he learned Gibbs was no longer living at the County Road residence after he talked to Shirley Thompson.  Gibbs made only one objection and did not object or move to strike the additional testimony nor was there any indication that the original objection was a continuing objection.

> Where it becomes clear that, in light of subsequent evidence, evidence previously admitted was deprived of all evidentiary value, it becomes the duty of the party whose objection to the previously admitted evidence was overruled to call the trial court's attention to the matter and move to strike the earlier testimony on the ground that it was, by reason of said subsequent evidence, incompetent and inadmissible.  The failure of the party litigant to do so constitutes a waiver of the objection and does not preserve the point for review.

***Board of Pub. Bldgs. v. GMT Corp.***, 580 S.W.2d 519, 523 (Mo. App. E.D. 1979).  After it became clear that Captain Sutton's testimony was based on his conversation with Shirley Thompson (i.e., the hearsay), Gibbs was required to move to strike the earlier testimony in order to preserve his objection to the testimony.  By failing to do so, Gibbs failed to preserve his hearsay objection for our review.  "[E]ven under a plain-error analysis, 'hearsay evidence offered without objection is not plain error.'"  ***Young***, 582 S.W.3d at 93-94 (quoting ***State v. Perdue***, 317 S.W.3d 645, 653-54 (Mo. App. S.D. 2010)).  Gibbs' claim fails to facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted, so we decline to grant plain error review.  Point 4 is denied.

### Point 1: Sufficiency of the Evidence—Change of Residence

Because point 4 (the hearsay argument) fails, point 1 (the sufficiency of the evidence argument) must also fail.[6]  To convict Gibbs of the crime of failing to register a change of

---

[6] Under § 589.414.2, RSMo. Cum. Supp. 2018, a registrant shall appear in person to the chief law enforcement officer of their jurisdiction within three business days if there is a change of residence.  The statute also requires the registrant to notify the chief law enforcement officer of the county or city not

residence, the State must prove beyond a reasonable doubt: (1) Gibbs was required to register as a sex offender under sections 589.400 to 589.425; (2) Gibbs changed his residence; (3) Gibbs did not inform the chief law enforcement officer of the change within three days of the change; and (4) Gibbs acted knowingly. *State v. Moore*, 508 S.W.3d 148, 150 (Mo. App. S.D. 2016).

Captain Sutton's testimony that he encountered Gibbs at another residence and learned Gibbs was no longer living at the County Road residence after visiting the County Road residence was sufficient evidence that Gibbs had changed residences.[7] When otherwise inadmissible evidence is admitted without objection, it may be considered in determining whether the State has made a submissible case. *State v. Edwards*, 116 S.W.3d 511, 545 (Mo. banc 2003). Point 1 is denied.

## Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

within a county within three business days of any changes to temporary lodging or residence information. *Id.* (2)-(3).

[7] Gibbs also argues that since Captain Sutton visited the County Road residence sometime after March 19, and the charging document alleged Gibbs failed to register his change of residence on or about January 25, there was insufficient evidence to show when Gibbs actually moved from the residence. While an indictment or information shall state the time of the offense charged as definitely as can be done, it does not require impossible precision. *State v. Kaiser*, 139 S.W.3d 545, 555 (Mo. App. E.D. 2004). The primary purpose of an indictment or information is to give general notice to the defendant of the charge against him. *Id.* Here, the evidence was that Gibbs was required to submit a 90-day verification on January 25, 2019, that he failed to do so, that as of March 19, 2019, Gibbs was not living at the County Road residence, and as of April 3, 2019, Gibbs had still failed to report his change of residence. While the exact date Gibbs changed his residence is unclear, the evidence was sufficient to infer that on or around January 25, Gibbs failed to report his change of residence, and in fact, failed to file his 90-day verification listing any residency.