

# Missouri Court of Appeals

## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | Case No. SD37598 |
| | ) | |
| JESSE WARREN DEVORE, | ) | **FILED:  May 30, 2023** |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Kenneth M. Hayden, Judge

**AFFIRMED**

Between 2013 and 2019, five boys, each under the age of fifteen, reported separate incidents of a man exposing his penis or masturbating in public.  Appellant Jesse Warren Devore ("Devore") worked as a custodian at two schools where three of the boys reported seeing a man masturbate in the boys' restroom.  Similar events were reported by two other boys at other public locations.  Devore was charged with six counts of sexual misconduct involving a child, for exposing his genitals to the five boys.[1]

---

[1] Devore was charged under section 566.083 RSMo Cum. Supp. (2017) for Counts 1 through 4, which classifies the offense as a class E felony.  For Counts 5 and 6, Devore was charged under a prior version of section 566.083, which classifies the offense as a class D felony.  *See* RSMo Cum. Supp. (2012).  Under both versions of section 566.083.1, a person commits the offense of sexual misconduct involving a child if

A jury found Devore guilty of the charges, and he was sentenced to four years' imprisonment for each count.[2]  Devore appeals from that judgment in five points. Finding no merit in any of Devore's points, we affirm the trial court's judgment.

## Facts and Procedural Background[3]

The relevant evidence is summarized in chronological order.

### C.K.—October 30, 2013 (Count 6)

On October 30, 2013, C.K. went into the restroom at Walmart to urinate.  As he was finishing, Devore tapped on C.K.'s shoulder and asked C.K. if he wanted to see Devore's penis.  C.K. felt disgusted and rushed out to get his father.  C.K. told his father someone had just showed him his penis.  C.K.'s father returned to the restroom to confront the man, but Devore was gone.

State's Exhibit 2, video surveillance footage from Walmart, captured Devore arriving at the store, exiting his vehicle, and masturbating in the parking lot.  The footage then showed Devore entering the store and going straight to the men's restroom. While in the store, Devore made no purchases.  The video confirmed Devore was in the restroom at the same time C.K. was in the restroom.

### Z.T.G.—October 6, 2015 (Count 5)

Devore lived in the same neighborhood as Z.T.G.  Z.T.G. and D.H. were friends. On October 6, 2015, while walking to Z.T.G.'s house, D.H. saw Devore masturbating in

---

such person knowingly exposes his or her genitals to a child less than fifteen years of age under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm to the child.

[2] Counts 1 and 2 were ordered to run concurrently to each other; Counts 3, 4, 5, and 6 were ordered to run consecutively to each other and to Counts 1 and 2.

[3] The evidence is summarized in the light most favorable to the verdict.  *See State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018).

Devore's yard. Devore was still masturbating outside his home when the two boys passed by later that same day. Devore's penis was exposed, with his pants down around his ankles. Both boys made eye contact with Devore, and Devore continued to masturbate.

### C.B.—December 12, 2018 (Count 4)

C.B. was at Camdenton Middle School ("the middle school") for basketball practice on December 12, 2018. Devore was working as the custodian at the middle school that evening. During a break in practice, C.B. went to the restroom and saw a man masturbating in one of the stalls. The stall did not have a door. C.B. made eye contact with the man. C.B. told a forensic interviewer there was a "creepy guy" who was "messing with himself" and kept staring at him in the bathroom at the middle school.

In March 2019, C.B.'s mother saw a Facebook entry posted by the father of another boy, M.N.T., accusing Devore of exposing himself to M.N.T. at school, in a similar manner to C.B.'s description of what had happened to him. The post included a photograph of Devore.[4] C.B.'s mother showed the photograph to C.B. and asked if it was the same person who had exposed himself to C.B. C.B. said yes.

### B.C.—February-March 2019 (Count 3)

In March 2019, B.C. was going toward the restroom at Oak Ridge Intermediate School ("the intermediate school") to get a drink and crossed paths with M.N.T., who told him there was a man in the restroom masturbating. B.C. told a forensic interviewer

---

[4] At trial, Devore admitted in his opening statement and closing argument that the photograph was of him. "When a defendant makes a voluntary judicial admission of fact before a jury, it serves as a substitute for evidence and dispenses with proof of the actual fact and the admission is conclusive on him for the purposes of the case." **State v. George**, 606 S.W.3d 687, 688 (Mo. App. S.D. 2020) (quoting **State v Olinger**, 396 S.W.2d 617, 621-22 (Mo. 1965)). "This includes counsel's admissions in opening statements and closing arguments." **Id.**

"the same thing" had happened to him recently in the same restroom. It was an adult male at the middle urinal who looked like he was going to pee, but instead was masturbating. The man did not stop masturbating when B.C. entered the restroom and continued as B.C. left. B.C. told the school counselor the man's pants were at least slightly down and he believed the man was a custodian at the school. The restroom was right next to Devore's custodial closet.

### M.N.T.—March 12, 2019 (Counts 1 and 2)

M.N.T. told a forensic interviewer that on March 12, 2019, he walked into the boys' restroom at the intermediate school at the end of the day and saw a man masturbating in a stall with the door open. The man then closed the stall door while M.N.T. used the restroom. When M.N.T. finished and washed his hands, the man opened the stall door and continued masturbating, with his pants around his ankles. When M.N.T. made a comment to the man, the man laughed, and M.N.T. ran out the door.

M.N.T. saw B.C. in the hallway and told him there was a man masturbating in the restroom. B.C. told M.N.T. he knew the man because he had seen him masturbating in the restroom "a month ago or so" earlier.

Surveillance footage from the intermediate school showed Devore walk into the boys' restroom, and M.N.T. walk into the boys' restroom a little later. The video showed M.N.T. walking out of the restroom excitedly, pointing back at the restroom and talking to B.C. During the relevant timeframe, M.N.T. was the only student to go into the restroom. Devore was in the restroom for about 30 minutes, and then went into the custodial closet.

*Devore's Police Interviews*

Devore was interviewed by Officer Christopher Williams, a school resource officer for the Camdenton school district, on the same day as the incident involving M.N.T. Devore denied doing anything on March 12, 2019, but admitted that he "could have been guilty the last few times." Devore claimed he was peeing, not masturbating outside his house, in the 2015 incident.

On March 18, 2019, Devore was interviewed by Officer Scott Craig ("Officer Craig"), also a school resource officer for the Camdenton school district. Devore admitted to Officer Craig that a child had caught him masturbating at Walmart. Devore also admitted a child had caught him masturbating at the middle school. He admitted he was outside with his penis out when Z.T.G. saw him but claimed he was just "pissing in [his] back yard[.]"

Devore admitted it was not unusual for him to masturbate at the school, but claimed that he generally stopped when people caught him. When Officer Craig suggested that Devore was aroused by being caught, Devore said Officer Craig "might be right."

The jury found Devore guilty as charged on all counts. Further evidence is set out in the analysis as necessary.

**Discussion**

*Point 1: Failure to Declare a Mistrial*

In point 1, Devore argues the trial court plainly erred in failing to *sua sponte* declare a mistrial after the State asked the venire panel during voir dire: "So there is a national organization called NAMBLA, National Man Boy Love Association. Does

5

anybody belong to that organization?"[5]  Devore acknowledges this point is not preserved

and requests plain error review.

> "The threshold issue in plain error review is whether the circuit
> court's error was facially evident, obvious, and clear.  If the appellant
> establishes a facially evident, obvious, and clear error, then this Court will
> consider whether the error resulted in a manifest injustice or miscarriage
> of justice.  To obtain a new trial on direct appeal based on a claim of plain
> error, the appellant must show the error was outcome determinative."
> *State v. Wood*, 580 S.W.3d 566, 579 (Mo. banc 2019) (internal citations
> and quotations omitted).

*State v. Teter*, No. SC99464, 2023 WL 3200636, at *3 (Mo. banc May 2, 2023).

"Our review for plain error of a trial court's failure to *sua sponte* declare a

mistrial is extremely limited."  *State v. Stites*, 266 S.W.3d 261, 266 (Mo. App. S.D.

2008) (quoting *State v. Collins*, 150 S.W.3d 340, 349 (Mo. App. S.D. 2004)).  A

mistrial is a drastic remedy and should be employed only in the most extraordinary

circumstances.  *State v. Boyd*, 659 S.W.3d 914, 926 (Mo. banc 2023).

The trial court did not plainly err in failing to *sua sponte* declare a mistrial based

on the State's question during *voir dire*.  According to Devore, the State's question

cultivated the image that Devore was a pedophile, which prevented him from receiving a

fair trial.  The transcript does not show the State implied or stated Devore was a

member of NAMBLA, nor what type of an association NAMBLA is.  This single question

by the State during *voir dire* was not so improper that it would alert the trial court of the

necessity to *sua sponte* declare the drastic and extraordinary remedy of a mistrial.

Devore's claim fails to establish a facially evident, obvious, and clear error by the trial

court.  Point 1 is denied.

---

[5] According to Devore, NAMBLA is a pedophilia advocacy group.  He directs us to internet links that were
not part of the record to support this claim.

*Point 2: Overruling Objections to State's Exhibit 2*

In point 2, Devore argues the trial court abused its discretion in overruling his motion in limine and trial objections to State's Exhibit 2, the video footage of Devore masturbating in the Walmart parking lot, because the probative value of the exhibit was substantially outweighed by its prejudicial effect. We review the trial court's admission of evidence for abuse of discretion and will reverse only when the decision is "clearly against the logic of the circumstances." *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009) (quoting *State v. Reed*, 282 S.W.3d 835, 837 (Mo. banc 2009)).

Devore argues the prejudicial effect of the video substantially outweighed its probative value because:

> [t]he activity in the video was not directly related to the allegations C[.]K[.] made, but was shown immediately prior to the introduction of those allegations to the jury. It was impossible for the jury to set aside the extreme prejudice this image created to consider C[.]K[.]'s allegations without presuming guilt before considering the actual allegations of wrong-doing.

Devore fails to demonstrate that the trial court's admission of State's Exhibit 2 was clearly against the logic of the circumstances. "While evidence of uncharged misconduct is generally inadmissible, evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged may be admissible to present a complete and coherent picture of the events that transpired." *State v. Clay*, 533 S.W.3d 710, 717-18 (Mo. banc 2017) (quoting *State v. Primm*, 347 S.W.3d 66, 70 (Mo. banc 2011) (internal quotations omitted)). The evidence of Devore masturbating in the Walmart parking lot minutes before he exposed himself to C.K. in the Walmart restroom was relevant and admissible to provide a complete and coherent picture of the events leading up to the acts charged in Count 6. This evidence provides

7

context for the crime for which Devore was charged, that he sexually aroused himself in a Walmart parking lot before asking C.K. in the store restroom if he wanted to see his penis. The trial court did not abuse its discretion in admitting State's Exhibit 2. Point 2 is denied.

*Points 3 and 4:  Sufficiency of the Evidence*

Points 3 and 4 allege there was insufficient evidence to convict Devore of Count 3 (involving B.C.) and Count 4 (involving C.B.).

> To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but, rather, "accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences." *State v. Holmes*, 399 S.W.3d 809, 812 (Mo. banc 2013) (quoting *State v. Latall*, 271 S.W.3d 561, 566 (Mo. banc 2008)). "This Court's review is limited to determining whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011). "This is not an assessment of whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder 'could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011).

***State v. Zetina-Torres***, 482 S.W.3d 801, 806 (Mo. banc 2016).

To prove Devore was guilty of sexual misconduct involving a child, the State was required to prove beyond a reasonable doubt that Devore knowingly exposed his genitals to a child less than fifteen years of age under circumstances in which he knew that his conduct was likely to cause affront or alarm to the child. § 566.083.1 RSMo Cum. Supp. (2017).

In point 3, Devore argues there was insufficient evidence that: (1) Devore was the man masturbating at the urinal at the intermediate school in the presence of B.C. and

8

(2) he *knowingly* exposed his penis to B.C. (Count 3). Devore's argument is without merit.

First, there was sufficient evidence to prove Devore's identity. When M.N.T. walked out of the restroom in March 2019, he saw B.C. in the hallway and told B.C. there was a man masturbating in there. B.C. said he knew the man because he had seen him masturbating in that same restroom before. B.C. told a forensic interviewer about M.N.T. going into the restroom and seeing a man masturbating and explained "the same thing" had happened to him recently in the same restroom. B.C. told the school counselor he believed the man was a custodian. Devore was a custodian at the school at that time and the janitorial closet was next to the restroom where the incident occurred. Moreover, Devore admitted to Officer Craig it was not unusual for him to masturbate in the restroom at school. The jury heard sufficient evidence to conclude beyond a reasonable doubt that Devore was the man B.C. saw masturbating.

Second, there was sufficient evidence for a fact-finder to conclude Devore knowingly exposed his genitals to B.C. Devore argues that because Devore's back was to B.C., there was no evidence that he knowingly exposed himself to B.C. This argument is unpersuasive. A person "acts knowingly" with respect to his or her conduct or to attendant circumstances when he or she is aware of the nature of his or her conduct or that those circumstances exist; or with respect to a result of his or her conduct when he or she is aware that the conduct is practically certain to cause that result. § 562.016.3 RSMo (2016). Here, Devore was openly masturbating in the middle urinal of a public restroom at the intermediate school. Devore did not stop masturbating when B.C. entered the restroom and continued as B.C. left. This evidence was sufficient to establish Devore knowingly exposed his penis to B.C. Point 3 is denied.

9

In point 4, Devore argues there was insufficient evidence introduced at trial from which a jury could conclude beyond a reasonable doubt that Devore was the man C.B. saw masturbating in a restroom stall in the middle school on December 12, 2018 (Count 4). This point also fails. Devore was working as a custodian at the middle school at the time C.B. reported seeing a man masturbating in the restroom. Devore admitted to Officer Craig it wasn't unusual for him to masturbate in the restroom at school. C.B.'s mother showed C.B. a social media post that contained Devore's picture and asked C.B. if that was the man he saw, and C.B. said yes. This evidence was sufficient to establish that Devore was the man C.B. saw masturbating at the middle school. Point 4 is denied.

*Point 5: Failure to Sever Counts 3, 4, 5, and 6 from Counts 1 and 2*

In point 5, Devore argues the trial court erred in refusing to sever Counts 3, 4, 5, and 6 from Counts 1 and 2. Before trial, Devore filed a motion for severance alleging he was charged "with 6 counts of sexual misconduct involving a child," and that "[t]hese two counts have been joined for trial[.]" The motion did not specify which two counts Devore was seeking to sever and contained only bare legal conclusions.[6] At the hearing on that motion, Devore clarified he was seeking to sever Counts 1 and 2 (involving M.N.T.) from Counts 3, 4, 5, and 6. The motion was overruled.

Devore later filed a renewed motion to sever, this time requesting to sever Count 6 from the other counts. This motion did not mention severing Counts 1 and 2 from the

---

[6] Severance is only proper when a party makes a particularized showing of substantial prejudice if the offense is not tried separately and the court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense. *State v. Jones*, 662 S.W.3d 204, 209 (Mo. App. S.D. 2023). Devore alleged severance was necessary "because the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge" and because "[Devore] may wish to testify on one charge, but not the other." These arguments are conclusory and do not amount to a "particularized showing" of substantial prejudice. *Id.* at 210.

10

other counts, the counts he claims should have been severed in his point relied on. This motion was also overruled.

While Devore's point relied on claims error as to the trial court's failure to sever Counts 1 and 2 from Counts 3, 4, 5, and 6, his argument focuses only on the trial court's failure to sever Count 6 from the other counts. "Claims of error raised in the argument portion of a brief that are not raised in a point relied on are not preserved for our review." ***Hale v. Burlington N. & Santa Fe Ry. Co.***, 638 S.W.3d 49, 61 (Mo. App. S.D. 2021) (quoting ***Davis v. Wieland***, 557 S.W.3d 340, 352 n.10 (Mo. App. W.D. 2018)). By not raising the trial court's denial of his motion to sever Count 6 from the other counts in his point relied on, Devore has failed to preserve his argument for our review. Point 5 is denied.

## Conclusion

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

11